WILLIAM CAMERON ET AL. v. T. A. FAY ET AL.

(Case No. 3880.)

1. EVIDENCE — HUSBAND AND WIFE.— The husband or wife is a competent witness in a suit in which they are joint parties, and in regard to a matter in which they have a joint interest.

2. SAME.— When the homestead right is involved in a suit between the husband and wife, who are defendants, and a third party who seeks to subject the property to the payment of his debt, the husband is a competent witness, even though it be the separate property of the wife.

3. INSURANCE — HOMESTEAD.— Money due from an insurance company to the owners of a homestead, for loss sustained by fire in the destruction of the home building, is not subject to garnishment by one who held an unsatisfied mechanic's lien on the building before its destruction.

4. SAME.— The insurance money on the homestead is not subject to the payment of debts of a general character.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

Suit by appellants, Cameron and Moore, as plaintiffs below, against appellees, T. A. Fay and Peter Fay, as husband and wife, for the sum of $2,065.50 for work and labor done and performed, and materials furnished in the erection of improvements made upon certain lots, the alleged separate property of the wife, T. A. Fay, and also to enforce the mechanic's lien.

The contract was evidenced by writing and the lien duly fixed and secured under the statute. Mrs. Fay procured insurance upon the building and upon certain property therein, but the precise character of this property, and whether fixtures which would be exempt property, if the building was exempt, does not satisfactorily appear. The property insured was subsequently destroyed by fire, and the plaintiffs sought also to subject the insurance money to the payment of their debt by process of garnishment. One of the contested questions in the case was, whether the building was the homestead of defendants, and to prove that it was, the husband was introduced and testified over the objection of plaintiffs. This presents one of the questions in the case. The other material question, conceding the building to have been the homestead, was, whether the insurance money thereon was exempt. Judgment upon verdict was rendered for the plaintiffs, Cameron and Moore, for the debt and enforcement of the lien on the lot, but in favor of the defendants, Fay and Fay, that the insurance money was exempt. Plaintiffs file in

this court a *remittitur* correcting an excess in the judgment below, for certain credits indorsed on the written contract.

*Woods & Wilkins*, for appellants.

I. The court erred in permitting Peter Fay to testify on the trial as shown by plaintiffs' second bill of exceptions. Pasch Dig., art. 6826; Gee *v.* Scott, 48 Tex., 510.

II. Insurance on a homestead and personal property, exempt from forced sale, of a debtor, is subject to garnishment for his debt when a loss occurs. Const. of 1876, art. 16, sec. 50; Pasch. Dig., art. 6994; Ogden *v.* Giddings, 15 Tex., 485; Franklin *v.* Coffee, 18 Tex., 413; Houghton *v.* Marshall, 31 Tex., 196; Woster *v.* Page, 2 Am. Rep., 128; Corbett *v.* Donelson, Texas Law Journal, vol. 2, No. 23, p. 336.

*Hare & Head*, for appellees.

BONNER, ASSOCIATE JUSTICE.— The two principal questions in this case are: *First,* was the husband Peter Fay a competent witness to prove that the premises insured constituted the homestead of himself and wife? *Second,* if such homestead, then was the insurance money subject to the garnishment?

I. The material issue of fact in the case was whether the insured premises constituted the homestead. To sustain the affirmative of this issue, the husband was introduced and testified as a witness over the objection that he was incompetent to testify for or against his wife.

Although the courts have very wisely given a strict construction to those statutes which relax the salutary rule of the common law, prohibiting the husband or wife from testifying for or against each other, yet we have not been referred to any case under our former statute (Pasch. Dig., art. 6826) which decides that the husband or wife is not a competent witness in a case in which they are jointly made parties and in regard to a subject-matter in which

they have a joint interest. On the contrary, it is believed that many decisions could be found in which it has been held under similar statutes in other states that in such cases they are competent.

To decide otherwise would, under such circumstances, prevent both the husband and wife from being witnesses, and would virtually override the statute so far as they are concerned.

The Revised Statutes go even beyond this construction, and provide that " the husband or wife of a party to a suit or proceeding, or who is interested in the issue to be tried, shall not be incompetent to testify therein, except as to confidential communications between such husband and wife." R. S., art. 2247.

The husband in this case was a substantial party, as he had a direct interest in the homestead, even though it was the separate property of the wife. It was under his control. She alone could not convey the title so as to defeat his homestead right, and if the improvements were made by the community he could, in a proper case, demand that it be reimbursed for the expenditure. Rice v. Rice, 21 Tex., 58.

Although the testimony would have been more satisfactory had it been from some other source than the husband, yet we are of opinion that he was a competent witness.

The legal effect of the verdict and judgment, under the evidence and charge of the court, was that the premises constituted the homestead.

II. Was the insurance money upon this homestead subject to the writ of garnishment?

This question may be considered under two aspects. Did the mechanic's lien upon the homestead attach to this subsequently acquired insurance money, and if not, was the same subject to the payment of the debt of the plaintiffs, Cameron and Moore, under the process of garnishment?

These plaintiffs, as well as the defendants, T. A. Fay and her husband, had an insurable interest in the property. Wood on Fire Insurance, § 261; id., § 266; id., §§ 292–303.

T. A. Fay and her husband, however, there being no agreement to that effect, were not under any legal obligation to insure, and hence the policy taken out by her, and for which she paid the premium, was but a personal contract upon a new and independent consideration, and did not inure to the benefit of Cameron and Moore.

Mr. Jones, in his valuable work on Mortgages, citing authorities in the notes to support the text, says: "But if there is no covenant or agreement in the mortgage that the premises shall be insured for the benefit of the mortgagee, the mere fact that his mortgage covers the property insured, and the insured is personally liable for the debt, gives the mortgagee no corresponding claim upon the policy or the proceeds of it. His claim is no better than that of any creditor of the mortgagor. The policy is strictly a personal contract. It does not attach to the mortgage or to the realty." Jones on Mortgages (2d ed.), § 401.

No authority has been cited contravening this proposition, and we are of the opinion that the mechanic's lien did not attach to the policy of insurance or to its proceeds.

As the lien of Cameron and Moore did not thus attach, their claim must be considered only as that of any other creditor.

The question then resolves itself into this: Is the insurance money on the homestead subject to the payment of the debt of a general creditor?

As has been well said, the homestead exemption should be liberally construed according to its spirit and intention, and should not be defeated by too literal a construction.

Although, as held in Whittenberg v. Lloyd, 49 Tex., 633, other property not designed or used as a homestead or otherwise exempt, which was purchased with the pro-

ceeds of the voluntary sale of a former homestead, would be subject to the payment of debts, yet we are of opinion that the proceeds of the policy of insurance upon the homestead, effected for its protection and preservation as such, should, for a reasonable time at least, be exempt for reimbursement in a new homestead which may or not be upon the same lot. Houghton v. Lee, 50 Cal., 101; Thompson on Homesteads, § 750; citing also Cooney v. Cooney, 65 Barb., 524.

Under a forced sale of the homestead to subject the excess to the payment of debts, only this excess is thus subject. Wood v. Wheeler, 11 Tex., 122; Willis v. Mathews, 46 Tex., 479.

If under such forced sale by act of the law the proceeds of the homestead are exempt from the claims of creditors, we do not perceive why on principle and policy the same rules should not apply to protect the insurance money on the homestead destroyed by inevitable accident or act of God, when the very object of the insurance was to provide against such possible loss.

It may be added that, as the homestead is not liable to the debt of the general creditor, he cannot complain that an alleged fraudulent sale of it was in violation of his rights. Wood v. Chambers, 20 Tex., 247; Martel v. Somers, 26 Tex., 551; Thompson on Homesteads, §§ 408–411.

The above question, as to the liability of the insurance money upon the homestead to the payment of debts, was presented by the assigned error — that the court erred in the second, third and fourth charges given to the jury.

It is objected that this assignment is not sufficiently specific. It has been repeatedly decided that, as a general rule, the practice of grouping together in one assignment the giving or refusal by the court of several charges, without pointing out the distinct proposition of law aris-

ing thereupon, is to be condemned, and will not demand from the court as a matter of right that the assignment be considered. Byrne *v.* Morris, 53 Tex., 220; Pearson *v.* Flanagan, 52 Tex., 266; Clements *v.* Stearns, 45 Tex., 415.

As we are of opinion, however, that the alleged errors, if it be conceded under the circumstances of this case that they may have been properly assigned, are not well taken, it becomes unnecessary to pass upon the objections to the form of the assignment. The question, whether certain articles of the property insured was personal property exempt from forced sale or not, or whether fixtures which would be exempt if the building was exempt, seems to be but a subordinate one, involving but comparatively a small amount; not fully developed by the testimony; and upon which no authorities have been cited.

Under the circumstances we do not deem it necessary or proper to pass upon the question.

The judgment below, as corrected by the *remittitur,* is affirmed.

AFFIRMED.

[Opinion delivered April 12, 1881.]

MOORE, Ch. J., dissenting.