## A. J. Roberson v. McIlhenny, Hutchins & Co.

(Case No. 3683.)

1. PLEADING.— When, in an action by a partnership, the name of one of the members is omitted from the petition as a party plaintiff, he may be made a party plaintiff by amendment, without the necessity of further service on the defendant; the cause of action remaining the same.

2. LIMITATION.— Limitation would not, in such case, run against the cause of action up to the date of such amendment.

3. EVIDENCE.— See statement of case for answers to interrogatories, which were not liable to the objection that they were not responsive.

ERROR from Washington. Tried below before the Hon. E. B. Turner.

A report of this case will be found in 43 Tex., 205, to which reference is here made. After the case was remanded, the plaintiff in error renewed the exceptions to the petition and amendments which had been passed upon by the supreme court. These were overruled by the court. He then made a motion to require defendants in error to select which of the causes of action they would prosecute, whether the note or the account. This was also overruled. The case was then tried without a jury, and judgment was rendered against plaintiff in error for $736. That judgment is now before the court on writ of error.

Upon the trial plaintiff in error objected to the admission of certain evidence as follows: "The answers of the witnesses, McIlhenny and Terrell, to the third and fourth interrogatories, are not responsive to the interrogatories."

The third interrogatory was as follows:

"State whether McIlhenny & Hutchins ever sold and delivered any goods and merchandise to M. C. Lee & Co.

"Answer: The firm of McIlhenny, Hutchins & Co. did sell goods to M. C. Lee & Co. on the 27th December, 1871, for which you will find a bill of particulars attached."

The fourth interrogatory is as follows:

"State if McIlhenny & Hutchins ever delivered the goods named in said bill to defendants M. C. Lee & Co.

"Answer: McIlhenny, Hutchins & Co. delivered said goods to the Houston & Texas Central Railroad Company, for which they took a bill of lading insuring their safe delivery to Messrs. M. C. Lee & Co."

The objections were overruled and the answers read in evidence.

The errors relied on are these: First, overruling the exceptions. Second. Overruling the motions, etc. Third. Admitting the evidence over objections. Fourth. That the judgment was not supported by the evidence.

*Sayles & Bassett*, for plaintiff in error, cited on limitation, Koschwitz *v.* Healy, 36 Tex., 666; Pridgen *v.* McLean, 12 Tex., 420; Whitehead *v.* Herron, 15 Tex., 127; Guichard *v.* Superveile, 11 Tex., 522; Judd *v.* Sampson, 13 Tex., 19; Whittlesey *v.* Spofford, 47 Tex., 13.

*T. W. Morris*, for defendant in error, cited 43 Tex., 205.

WATTS, J. COM. APP.— When this case was before the supreme court in 1875, the questions presented by the first assignment of error in this record were passed upon and decided. It was then held that the amended petition filed April 7, 1874, did not set up a new cause of action. If that decision is to be adhered to, then the assignment of error presenting the question as to the court's overruling the exceptions to that amended petition is not well taken.

Since that decision it has not been considered an open question, that, under the circumstances developed by the pleadings in this case, the addition of another name as party plaintiff is not the assertion of a new cause of action; for the causes of action remain the same. Prior to that amendment, the note, and in the alternative the account for the goods sold and delivered, was the basis upon which the recovery was sought. After that amendment the recovery was sought upon the same causes of action.

It seems that the original firm of McIlhenny, Hutchins & Co. was composed of McIlhenny, Hutchins and Terrell, and that it was from this firm that the goods were purchased by M. C. Lee & Co.; that afterwards Terrell withdrew, and the name of the firm was changed to that of McIlhenny & Hutchins, and it was to this latter firm that the note upon which the suit was brought was made payable, and that firm brought the suit, after Roberson denied the authority of Lee to sign the note. An amended petition was filed September 20, 1873, asserting that the note was given for a bill of merchandise purchased by M. C. Lee & Co., and attached an itemized account showing that the goods had been purchased from McIlhenny, Hutchins & Co. The purpose of the last amendment was to add Terrell as a party plaintiff, as a member of the former firm.

As before remarked, the causes of action upon which a recovery is sought in the alternative remained the same. It would not be in keeping with the spirit of our very liberal law of amendment, to hold that such changes in the names of the parties set up a new cause of action, and subject it to the operation of the statute of limitations.

An entire change in the names of the parties to either side of the controversy, or of the capacity in which the plaintiffs have commenced the proceeding, would in effect be a new suit; and such an amendment, if not pleaded to, would have to be served upon the other party. But the mere addition of the name of Terrell, the other plaintiffs remaining as before, with the causes of action the same, would not, as we think, have to be served upon the other party. Nor

would limitation run against the cause of action to the date of filing such amendment.

It seems to be the general rule that in actions by a firm, where there is a partnership, it should be in the name of all the ostensible members. Wilson v. Wilson, 8 S. & R., 53; Pensley v. Ramsay, 31 Ga., 403; Tilford v. Ramsey, 37 Mo., 563.

As Judge Cooley says: "A partnership is also, for all the legitimate purposes of its business, a legal entity, though it is taken notice of and reached by legal process only through the personality of its members." Cooley on Torts, 150.

It is claimed that the former judgment of the district court precluded the assertion of the note as an alternative cause of action. That judgment was reversed by the supreme court as to all parties, and remanded for another trial. There must be a final judgment to support *res adjudicata*. The plaintiffs below had the right to recover either upon the note or the account if they could establish such right by the evidence. There is no reason why they should be required to abandon either the one or the other. These were not inconsistent but alternative causes of action. If the evidence supported either, the plaintiffs would be entitled to a judgment, although the evidence might fail to sustain the other.

In view of the circumstances of this case, it was not error to admit the evidence objected to by plaintiff in error. The answers of the witnesses, while not technically responsive to the questions, are substantially responsive, and for all practical purposes sufficiently so to authorize their admission. Besides, the change in the firm name, and membership of the same, is fully explained by these witnesses.

Another objection to the judgment is that it is not sustained by the evidence, in this, that it is not shown that the merchandise was purchased by and delivered to M. C. Lee & Co. The witnesses testify that the goods were purchased by the firm of M. C. Lee & Co., and shipped to them over the H. & T. C. R. R. Co. Plaintiff in error, when this claim was demanded of him, did not deny the purchase of the goods, but tacitly admitted the purchase by making payments upon the claim.

We conclude that there is no error in the judgment, and that it ought to be affirmed.

AFFIRMED.

[Opinion approved June 12, 1883.]