## W. C. ROBINSON v. A. K. MOORE ET AL.

### No. 5.

1. **Assignment of Error.**—An assignment of error inviting a review of the action of the court below with reference to several matters, without specifying the ground of error relied on, is too general to require consideration, and the propositions under it can not be invoked to assist it.

2. **Special Issue—Finding of Jury.**—The finding of the jury upon a special issue submitted to them may be sufficiently responsive without following the exact language in which the issue is submitted.   See example.

3. **Community Property—Rights of Wife's Heirs.**—Where a husband improves his separate property with the funds of the community estate, the wife or her heirs will be entitled to reimbursement out of his separate property to the extent of their share of the community, and their demand for such reimbursement is in the nature of a charge or an equitable lien on the property so improved.

4. **Pleadings—Allegata and Probata.**—The appellate court is not required to consider an issue nowhere raised in the pleadings, although both the verdict and judgment below declared affirmatively upon such issue.

5. **Disclaimer, Effect of.**—Where the plaintiff sues the children of his deceased wife for their interest in the community property, a disclaimer by one of the defendants, in the absence of a special direction by him, inures to the benefit of his codefendants and not to that of the plaintiff.

ERROR from Collin.    Tried below before Hon. H. O. HEAD.
The opinion states the case.

*Jenkins & Pearson* and *H. A. Finch*, for plaintiff in error.—1. The court erred in submitting to the jury the question of the value of the improvements put on the land in controversy by community property at the time of the death of Catherine E. Robinson, because W. C. Robinson still occupies said land as a homestead, and had not desired or prayed for a partition of the same. Const. 1876, art. 16, sec. 52.

2. In adjudicating the respective interests of parties entitled to a community homestead and improvements thereon, the court had no right to adjudicate that any particular share shall constitute a lien on the entire property.

*Garnett & Muse*, for W. M. Robinson, one of the defendants in error.

1. Plaintiff's first assignment of error is too general, and is in violation of rules 24, 25, and 26 of the Supreme Court. Jackson v. Cassidy, 68 Texas, 282; Blackwell v. Hunnicutt, 69 Texas, 273; Bumpass v. Morrison, 70 Texas, 756.

2. The judgment in favor of W. M. Robinson for the 55 acres was correct. Montgomery v. Carlton, 56 Texas, 364; Hibbert v. Aylott, 52 Texas, 532; Neal v. Neal, 9 Wall., 1–12.

*H. C. Mack*, for defendant W. L. Robinson, and *R. C. White*, for Alice Robinson and Lizzie Lowry.—The heirs of a deceased ancestor are entitled to recover the interest of such ancestor in community property as it existed as the time of such ancestor's death, that being the time at which such descent is cast, except in so far as the same may be sold for community debts. Akin v. Jefferson, 65 Texas, 137; Ashe v. Yungst, 65 Texas, 635.

TARLTON, CHIEF JUSTICE. — December 2, 1885, W. C. Robinson, plaintiff in error, brought this suit against the following persons as defendants, viz.: Alfred K. Moore, W. A. Lowry, Augustus Hooks, Walter M. Robinson, W. L. Robinson, Alice Robinson, and Lizzie Lowry, the three last named being minors.

Alfred K. Moore is sued as the surviving husband of Paralee Moore, the deceased daughter of plaintiff and his deceased wife.

W. A. Lowry is sued as the surviving husband of Laura Lowry, a deceased daughter of plaintiff and his deceased wife.

Lizzie Lowry is sued as a surviving child of Laura Lowry; and Augustus Hooks is sued as the surviving husband of Mary Robinson, a deceased daughter of plaintiff in error and his deceased wife.

The remaining defendants, Walter M. Robinson, W. L. Robinson, and Alice Robinson, are sued as children of Catherine Robinson, the deceased wife of plaintiff.

The plaintiff sued to remove the cloud from the title to 230 acres of land out of the Susanna Walker survey, in Collin County. He alleged

that he intermarried with Catherine E. Barker, November 5, 1851, and that she died in June, 1880; that during the coverture he acquired the 'land in controversy, paying the entire consideration therefor, $1100, out of his separate means; that his wife had no right or title in said property, nor have her heirs; but that from the purchase of the property during the coverture arises the presumption that the land belongs to the community of himself and his wife, and so casts a cloud upon his title. He prays that a decree be rendered. vesting absolute title in him to the property and cancelling all claim of the defendants.

The defendant Walter M. Robinson answered by general demurrer and plea of not guilty; that the land in controversy was the community property of plaintiff and his deceased wife; that plaintiff and his deceased wife were at her death, in June, 1880, the owners of the land described in plaintiff's petition, except the tract hereafter set out as the property of this defendant. In this connection, defendant prayed for partition of said tract of land (less the tract below referred to) between the plaintiff and the defendants. Defendant further pleaded, that improvements, which he itemized, of the value of $3150, were placed upon the land during the coverture, and with community funds; he prayed for partition of these improvements. Finally, this defendant pleaded that he is entitled to a tract of 55 acres, which he particularly described in his answer, of which 42 acres are a part of the land described in plaintiff's petition. He alleged, that about the year 1872 the plaintiff sold and conveyed to one G. W. Evans a tract of 60 acres; that Evans had paid a part of the purchase money and had erected improvements on this tract, of which he had taken possession; that afterwards the sale of this land by plaintiff to Evans was rescinded in consideration of the refunding of the money paid by him and compensation for the improvements; that in February, 1873, plaintiff agreed with defendant that if he would furnish the funds for repayment to Evans, the plaintiff would give him the 55-acre tract in question; that defendant accepted said agreement, and that plaintiff, with means provided by the defendant, refunded the money to Evans and placed defendant in possession of the tract as his home, and promised to execute a deed to him, causing the land to be surveyed, fixing the bearing trees and the corners; that defendant, relying upon this gift or agreement, and with the consent of plaintiff, took possession of the tract about October 1, 1875, and has since continuously held open, notorious, and exclusive possession of the same, and placed improvements thereon (which he itemized) of the value of $3000. He pleaded the statute of three and ten years limitation as to said land. He prayed for specific performance of said agreement, and that he have title to said land against the plaintiff and all the defendants. If this prayer should be granted, he renounced his claim to the improvements placed upon the remainder of the land; if it

should not be granted, he prayed for his interest in said improvements, and also for the value of his improvements upon the tract of 55 acres.

The defendants W. L. Robinson, Alice Robinson, and Lizzie Lowry appeared by their guardian ad litem, and pleaded that the tract of land in controversy, with all the improvements thereon, was the community property of plaintiff and his deceased wife, Catharine Robinson. They denied the gift and agreement pleaded by their codefendant, W. C. Robinson; they alleged that if such agreement was made that it was void as a verbal gift; that the 55-acre tract was a part of the homestead at the time, and that their mother did not join in said gift or agreement. They prayed for partition and for general relief.

The plaintiff, in replication to the answer of the defendant Walter M. Robinson, filed a general and two special demurrers and a general denial. The remaining defendants, Alfred K. Moore, W. A. Lowry, and Augustus Hooks, made default.

Our conclusions of fact founded upon findings of the jury in answer to special issues submitted by the court are as follows:

1. W. C. Robinson and Catharine E. Robinson were married in 1851.

2. The land was purchased in 1856 for the purchase price of $1100.

3. The plaintiff paid $640 of the purchase money out of his separate funds and $400 out of community money.

4. Catharine E. Robinson died June 22, 1880, and the following are her heirs and representatives: Walter M. Robinson, W. L. Robinson and Alice Robinson, her children; W. A. Lowry and Lizzie Lowry, surviving husband and daughter respectively of Laura Robinson, daughter of Catharine; Augustus Hooks, surviving husband of Mary Robinson, who died in 1884, after her mother, Catharine Robinson.

5. Improvements placed on said lands (excluding the tract claimed by W. M. Robinson) amounted to $1030, and were community property.

6. W. C. Robinson made to W. M. Robinson an absolute verbal gift of the 55-acre tract described in his answer, which land was no part of the homestead. In October, 1875, W. C. Robinson put W. M. Robinson in possession of this land. W. M. Robinson has continuously since that date remained in open and notorious possession of the land, and has placed upon it improvements to the value of $800, in pursuance of the gift. W. C. Robinson, in the month of June, after possession had been taken by Walter M. Robinson, caused the tract in question to be surveyed and its lines and corners marked and fixed.

The jury also, in its conclusions, found that 195 acres of the land described in plaintiff's petition was the homestead of plaintiff and his wife Catharine at her death, and it is the homestead still.

The court rendered judgment as follows:

1. It vested in the plaintiff, W. C. Robinson, title to $\frac{87}{110}$, and to the other defendants (except W. M. Robinson, who has renounced his claim

to the same) title to $\frac{23}{110}$ of the land described in plaintiff's petition, excluding the 55-acre tract claimed by Walter M. Robinson; and declared the land, less said 55-acre tract, to be the homestead of the plaintiff, W. C. Robinson.

2. It decreed that the improvements on the said land at the death of Catharine E. Robinson were of the value of $1030; that they were erected with community funds of W. C. Robinson and his wife Catharine; and it ordered that "one-half of the value of said improvements, to-wit, $515, be vested in the defendants, except the defendant Walter M. Robinson, and that the same shall be a lien on said premises in favor of said defendants in the said sum of $515." It decreed to Walter M. Robinson title to the 55-acre tract claimed by him against the plaintiff and against all of the remaining defendants. Among other things unnecessary to mention, it decreed that R. C. White be allowed as guardian ad litem a fee of $10, "to be taxed as costs against the defendant Alice Moore."

From the judgment so rendered W. C. Robinson prosecutes this writ of error.

The first assignment of error is, that "The court erred in overruling the demurrer and exceptions in plaintiff's first supplemental petition, filed July 6, 1886, in reply to the amended original answer of Walter M. Robinson, filed June 25, 1886."

This assignment, inviting a review of the court's action with reference to several matters, without specifying the ground of error relied upon, is too general to require consideration. The propositions under it can not be invoked to assist it. We consequently ignore it. Jackson v. Cassidy, 68 Texas, 282.

In the eighth special issue submitted by the court the jury were instructed to state "Whether or not W. M. Robinson went into the actual and exclusive possession of the land (claimed by him), and made valuable improvements thereon in pursuance of the gift (from his father to him), and whether or not he has since remained in possession thereof, and whether or not such possession has been open and notorious."

We have already set out the finding of the jury in response to this issue. It will be observed that the finding does not, in terms, use the word "exclusive." For this reason it is urged in the second assignment of error that the finding is not responsive to the issue, and that the court therefore erred in rendering judgment against plaintiff in favor of W. M. Robinson. No statement of facts is found in the record. A motion for a new trial was filed, but was never, it seems, called to the attention of the court. The court evidently construed the finding to be responsive to the issue submitted, and we are not prepared to state that the interpretation was incorrect. We think that the finding already quoted indicates,

in substance, that the possession of Robinson was open, continuous, notorious, and exclusive.    There is no merit in this assignment.

The fifth assignment of error is as follows:   " The court erred in rendering judgment against W. C. Robinson, in favor of Alfred K. Moore, for any portion of the land or improvements in controversy."

Alfred K. Moore was a defendant, but, under the finding of the jury, was not an heir of Catharine E. Robinson.   The judgment awarded to the defendants, except Walter M. Robinson, $\frac{23}{110}$ of the land in controversy. This was the community interest of the deceased wife, Catharine Robinson, and as Alfred K. Moore was not an heir of Catharine, he should have been excluded from the decree.    We regard the failure to exclude him as a matter of mere clerical oversight, which will be here corrected and the judgment accordingly reformed.

In the eighth assignment of error complaint is made that the court erred in submitting to the jury the question of the value of the improvements put on the land in controversy by community property, as such value existed at the time of the death of Catharine E. Robinson.

This land was claimed by the plaintiff to be his separate property.   Defendants reply, that if such was the fact, certain improvements had been built upon it by money belonging to the community, and that they were entitled to be reimbursed for their mother's share of the community applied to these improvements.    It seems to be settled, that where a husband improves his separate property with the funds of the community estate, the wife, or her heirs, will be entitled to reimbursement out of his separate property to the extent of their share of the community; that their demand for such reimbursement is in the nature of a charge or an equitable lien upon the property so improved.    Rice v. Rice, 21 Texas, 58; Cameron v. Fay, 55 Texas, 61;  Roberson v. McIlhenny, 59 Texas, 615;  Furrh y. Winston, 66 Texas, 525; Clift v. Clift, 72 Texas, 149.

This issue, therefore, springs naturally from the contention of the parties. It is urged, however, that the issue was especially irrelevant, because the property was at the wife's death, and still is, the homestead of W. C. Robinson, and that the latter, for this reason, could not be held responsible for the value of improvements, except, at most, according to such value as it might be ascertained when the homestead character should terminate.    How far this question of improvements, in connection with this assignment, or with the tenth assignment to be considered, might be affected, if at all, by the fact that the property is impressed with the homestead character, we are not required here to consider.    The pleadings nowhere raise the question of homestead; and though both the verdict and the judgment declared the property to be the homestead, they, being without basis in the allegations, can not be held to affect any issue here presented.    Hall v. Jackson, 3 Texas, 305; Denison v. League, 16 Texas, 400; Lemmon v. Hanley, 28 Texas, 219.

The defendant Walter M. Robinson renounced his interest in the community estate. The court adjudged this renunciation to inure to the benefit of the remaining heirs of Catharine Robinson. It is contended that the father should have had the benefit of this disclaimer. The father had no interest in the community share of his deceased wife; her children did. The disclaimer by one of them, in the absence of special direction by him, would, we think, inure to the benefit of the remaining children of his mother.

Alice Robinson, a minor defendant, was represented by R. C. White, guardian ad litem, to whom the judgment awarded a fee, to be taxed as costs against Alice *Moore.* This is complained of as error. As there was no such party to the suit as Alice *Moore,* it is plain that the entry of this name, instead of the name Alice Robinson, was purely a clerical error. This will be corrected, and the judgment in this respect reformed.

The tenth assignment of error is to the effect that the court erred in rendering judgment against W. C. Robinson in favor of the heirs of his deceased wife in the sum of $515, and in adjudging said sum to constitute a lien on plaintiff's land. As we have already pointed out, the jury found that W. C. Robinson had expended out of the community funds $1030, in placing permanent and valuable improvements upon a tract of land of which he owned an undivided interest of $\frac{87}{110}$ and his wife an undivided interest of $\frac{23}{110}$. Husband and wife were thus, in the proportion named, tenants in common of the tract in question, and on her death her heirs succeeded to her tenancy. Five hundred and ten dollars of her money had been by her cotenant applied to the erection of the improvements. Where one cotenant, with the consent of the other cotenant, places improvements of the character named upon property held in common, the latter cotenant "will be liable to contribute his just share *with interest.*" Am. and Eng. Ency. of Law, vol. 11, p. 1106.

In Freeman on Cotenancy and Partition, section 262, we find the following language: "If a cotenant has assented to or authorized improvements to be made, he is answerable therefor, and a lien exists against his property for the amount thereof against him and his grantees with notice." Here there is no question of assent or authority, because the tenant making the improvements is the one sought to be charged. As the head of the connubial partnership, he was authorized to use the community funds, with or without the consent of the wife. If, therefore, he used her funds in improving his property, the lien to the extent of such use exists in her favor against the property so improved, and the court was correct in so holding. Torrey v. Martin, 4 S. W. Rep., 642.

We think, however, that there was error as to the amount of the lien adjudged by the court. Mrs. Catharine Robinson was the owner of an interest of $\frac{23}{110}$ of the land improved. To that extent her property must be held to have been benefited from the money expended, and she should

be proportionately charged. Again, the plaintiff husband expended upon the improvements $515, his community share, from which the wife's interest must be held to have received its proportionate benefit. To the extent of this benefit the husband should be credited. We could make the calculation and here reform the judgment, limiting the lien to the proper sum; but there are suggestions in the record that the behests of justice would probably be best subserved by remanding the cause on this issue of improvements and on the issue of partition raised by the pleadings, and the equities of the parties in connection therewith.

We conclude, and so order, that the judgment in favor of the defendant Walter M. Robinson shall be in all things affirmed, and that he recover of W. C. Robinson his costs in both courts incurred; that the judgment shall be reformed in so far as A. K. Moore is in any sense a beneficiary therein, and in so far as it awards a fee in favor of the guardian ad litem R. C. White, against Alice Moore instead of Alice Robinson; that the findings of the jury fixing the relative interests of the parties in the 195-acre tract in controversy ($\frac{87}{110}$ and $\frac{23}{110}$ respectively) shall be deemed conclusive; that the judgment be reversed and the cause remanded on the issue of improvements and of partition connected therewith, and on the finding of the homestead, which was without support in the pleadings; and that on another trial the deliberations of the court or jury be confined to this issue of improvements and partition.

W. C. Robinson will recover all costs incurred by him in this court from the defendants in error, except Walter M. Robinson.

*Reversed and remanded.*

Delivered October 18, 1892.

Justice Head, did not sit in this case.