THE NEW ORLEANS INSURANCE ASSOCIATION ET AL. v. J. W. JAMESON.

No. 435.

1. **Garnishment of Proceeds of Exempt Property.**— The proceeds of an insurance policy upon a gin house, gin stand, grist mill, etc., situated upon a homestead and destroyed by fire, are not subject to garnishment for a reasonable time to enable the owner to invest in another home.

2. **Homestead, of what it Consists.** — The homestead is an entirety, consisting of the lands, houses, and fixtures upon it. Those things which are so attached as to become a part of the realty, or acquire the character of permanent fixtures, are as much a part of the homestead as are the houses or the soil.

3. **Case Distinguished.**—In the case of Cullers & Henry v. James, 66 Texas, 498, the machinery was held not to be attached to the land because the land did not belong to the owner of the machinery.

APPEAL from Washington. Tried below before Hon. E. P. CURRY, County Judge.

*Campbell & Pennington*, for appellants.—1. The proceeds of an insurance policy on property the homestead of the head of a family are not subject to garnishment. Cameron v. Fay, 55 Texas, 58; Porter v. Porter Bros., 2 Willson's C. C., secs. 433–435; Schneider & Bros. v. Bray, 59 Texas, 672; Thomp. on Home., secs. 750–784; Houghton v. Lee, 50 Cal., 101.

2. A chattel becomes a fixture by real or constructive annexation, by fitness or adaptation, and by the intention of the party making the annexation that it should become a permanent accession to the freehold. Hutchins v. Masterson & Street, 46 Texas, 551; Imp. Co. v. Light Co., 74 Texas, 605; Porter v. Porter Bros., 2 Willson's C. C., sec. 433; 8 Am. and Eng. Encycl. of Law, 43.

*Searcy & Garrett*, for appellee.—1. Such property as was covered by the policy of insurance in this case is not named among the exemptions set out in the statute, and are therefore not protected from forced sale.

2. Such articles of property as is mentioned in the said policy of insurance may become exempt by being attached to and becoming a part of the realty constituting the homestead; not because they are in themselves exempt, but because they become a part of that which is exempt, and the moment they are severed from the exempted realty they become subject to forced sale. Sayles' Civ. Stats., art. 2335; Cullers & Henry v. James, 66 Texas, 498; Giddings v. Kirby, 75 Texas, 679; Coots v. Caldwell, 71 Texas, 18.

WILLIAMS, ASSOCIATE JUSTICE.—J. W. Morgan took out a policy of insurance with the New Orleans Insurance Association upon his gin house, situated upon his homestead, and the fixtures therein, consisting of grist

mill, gin stand, and other articles usually found in gin houses.   A fire occurred, in which all of· the property was destroyed, and after the loss had been adjusted between the company and Morgan, appellee, a creditor of the latter, garnished the company.   The garnishee answered, stating its indebtedness to Morgan and the occasion thereof; and Morgan intervened, claiming that the money due him was exempt.   Judgment was rendered in the County Court, holding the money subject to garnishment, from which this appeal comes up.

It is settled that the proceeds of an insurance policy upon the homestead which has been destroyed by fire, is exempt, at least for a reasonable time, to enable the owner to invest it in another home.   Cameron v. Fay, 55 Texas, 58.

But it is urged that this rule applies only to property which is specifically exempt, and does not protect articles which are not in themselves exempted, but become so only by being attached to exempt realty, after they have been detached.   This proposition may be true, but does not, in our opinion, control this case.   Here the attachments and fixtures of the gin house were never detached, but were destroyed along with it. The homestead was an entirety, consisting of the land, houses, and fixtures upon it.   Those things which were so attached as to become part of the realty or acquire the character of permanent fixtures were as much a part of the homestead as was the house or the soil.   While they possessed this character, the articles in question were destroyed.   They were not chattels, but were realty.   It was therefore the proceeds of the homestead which was in controversy, and it was exempt by law from garnishment.

The case of Cullers & Henry v. James, 66 Texas, 498, is not in point. The machinery there was held not to be attached to the land, because the land did not belong to the owner of the machinery.   It was conceded in the opinion that property attached to the land which was owned by the party claiming the exemption, and which formed his homestead, would be a part of the realty, and as such exempt.

The facts in regard to the property here in question are not very fully drawn out in the evidence, but we think it appears, prima facie at least, that it was so attached and used in connection with the gin house as to constitute a part thereof.

It appears that $48 of the insurance money was for cotton destroyed.

The case was not tried below upon the question whether or not that was subject to garnishment, and we do not think it proper for us to decide whether or not it was.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 8, 1894.