## JACKSON v. JACKSON.  (No. 344.)

(Court of Civil Appeals of Texas. Waco.
May 6, 1926.)

**I. Homestead ⟨key⟩158.**

Upon divorce of childless couple, dissolving marriage relation, each, becomes single, and not entitled to homestead exemption.

**2. Homestead ⟨key⟩158—Remarriage, with consequent acquisition of homestead rights in share of community property of former marriage, held not to affect rights of former spouse existing at time of divorce.**

Where childless couple are divorced, right of each in community property is independent of any claim of homestead exemption, and remarriage of former husband, with consequent acquisition of homestead right as to his share of community property, can have no effect on rights of his former spouse as they existed at time of divorce.

**3. Husband and wife ⟨key⟩248½.**

Where a man bought property prior to his marriage, it was properly treated by the court as separate, and not community, property.

**4. Husband and wife ⟨key⟩258—Where divorced husband continued to occupy his separate property, community estate of himself and former wife held entitled to be reimbursed for community funds employed in discharging purchase-money notes and for improvements, and same is proper charge upon property.**

Where childless couple were divorced, and husband continued to occupy his separate property, community estate *held* entitled to be reimbursed for community funds employed in discharging purchase-money note against the property and for improvements placed thereon, and same is properly a charge upon the property.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Suit by Delia Jackson against Jim (J. S.) Jackson. Judgment for plaintiff, and defendant appeals. Affirmed.

J. E. Yeager, of Waco, for appellant.
F. R. Valentine, of Waco, for appellee.

STANFORD, J. This is the second appeal in this case. For opinion on former appeal, see 258 S. W. 231. As originally brought, it was a suit by appellee against appellant, her husband, for a divorce, and for the recovery of certain real estate, alleged to be her separate property, in that she had paid the purchase money for same. The case was affirmed as to the divorce, but was reversed and remanded as to the division of the property. The last trial was had upon appellee's amended petition, in which she alleged: That a few weeks prior to her marriage to appellant she advanced to him $25 to pay on the real estate in controversy, describing same, and that appellant did so use same; that, after her marriage with appellant, she and appellant expended about $500 of community funds in improving said property, and also, with community funds, paid a $100 purchase-money note, amounting to $110, including interest. She alleged that said lot was community property, and was not susceptible of partition in kind, and asked that it be sold and the proceeds divided, or that she have judgment against appellant for the money advanced by her and for her interest in the community funds used in paying for said lot and improving same, and that a lien be fixed on said property to secure its payment, etc.

The appellant, after many special exceptions, pleaded a general denial, and also by special answer alleged that he was a married

man at the time of filing said amended answer (October 15th, 1925) and prior thereto, and the head of a family, and that said property was his homestead, and not subject to any lien as alleged by appellee, nor to partition, etc. The case was tried before the court without a jury and judgment rendered for appellee for her interest in the improvements made on the real estate in the sum of $174.65, and a lien fixed on said real estate and foreclosed, etc.

### Opinion.

There are only two questions raised that we deem it necessary to discuss. Appellant strenuously contends that the evidence is insufficient to support the amount of the judgment rendered. Appellee's evidence is sufficient to show that a few weeks before they were married she advanced to appellant $25 to pay on the lot; that during their marriage relation they expended community funds in putting improvements upon said property to the amount of about $400. Appellant admitted they used community funds in making improvements to the amount of $324.30. We think the evidence is sufficient to support the amount of the judgment of the trial court.

[1-4] Appellant also complains of the judgment of the trial court in fixing and foreclosing a lien on the real estate involved in this case for the $174.65 recovered by appellee as her interest in the community funds used in improving said property, because, as contended by appellant, said property was his homestead, and the court was powerless to create or fix such lien on the homestead. If said property was appellant's homestead at the time the divorce was granted, and if said property continued to be homestead property from the date the divorce was granted—in other words, if the granting of the divorce did not destroy the family entitled to be protected in the use of the homestead—then appellant's proposition would be correct. Barber v. Barber (Tex. Civ. App.) 223 S. W. 866, and cases there cited. But we think the question sought to be raised here is not involved in this case. There is no evidence that there were any children, the issue of the marriage of appellant and appellee, nor that either of them had any children, the issue of any prior marriage. While appellant and appellee were husband and wife, they constituted a family, and the property involved was exempt to them as a homestead, but immediately on the granting of the divorce dissolving the marriage relation, they, having no children, each became single persons, and neither was entitled to any homestead exemption. Bahn v. Starcke, 89 Tex. 203, 34 S. W. 103, 59 Am. St. Rep. 40, and cases there cited. It is true appellant has married again, and is again the head of a family, and has again acquired a homestead right in his interest in the property in question, but he has acquired no homestead right in appellee's interest. His homestead right is subject to the rights of appellee as they existed at the time the divorce was granted. Appellant having bought said lot prior to his marriage to appellee, the trial court was correct in finding and treating said lot as the separate property of appellant. Welder v. Lambert, 91 Tex. 510, 44 S. W. 281; Creamer v. Briscoe, 101 Tex. 490, 109 S. W. 911, 17 L. R. A. (N. S.) 154, 130 Am. St. Rep. 869. The court, we think, was also correct in finding that the community estate of appellant and appellee was entitled to be reimbursed for the community funds of herself and former husband, employed in discharging the purchase-money notes against said property and improvements placed upon same, and in decreeing same as a charge upon said property. Rice v. Rice, 21 Tex. 58; Robinson v. Moore et al., 1 Tex. Civ. App. 93, 20 S. W. 994, and cases cited; Cervantes v. Cervantes (Tex. Civ. App.) 76 S. W. 790, and cases cited; note, 14 Ann. Cas. 1180; Welder v. Lambert, 91 Tex. 510, 44 S. W. 281; Allen v. Allen, 101 Tex. 362, 107 S. W. 528.

We have examined all of appellant's assignments, and, finding no reversible error, overrule same, and affirm the judgment of the trial court.