## WILLIAMS v. WILLIAMS.
### No. 5527.

Court of Civil Appeals of Texas. Amarillo.
April 26, 1943.

Rehearing Denied May 31, 1943.

Paul Petty, of Ballinger, for appellant.

Baker & Baker, and R. E. Murphey, all of Coleman, for appellee.

PITTS, Chief Justice.

Appellee, Ethel Williams, filed a divorce suit in the District Court of Runnels County against appellant, J. L. Williams, alleging the usual venue statutory grounds, together with various general and special acts of cruelty of appellant toward appellee, and prayed for an order requiring appellant to return a complete inventory of all community property and separate property claimed by appellant, division of community property and a reasonable attorneys' fee.

Appellant answered with a general denial and alleged there was no community property, prayed that if the court should grant a divorce his separate property be decreed to him and filed an inventory of the property consistent with his answer in the case.

A trial was had without a jury before the court who rendered judgment granting appellee a divorce, a division of the community property and adjudging certain property to be that of appellant. Appellee then filed a motion to amend the judgment which motion was resisted by appellant and was heard by the court with all parties present. The court sustained the motion and amended his judgment allowing appellee to recover an additional sum of $155.84, the same being one-half of the amount of taxes paid by appellant on his separate land out of the rents that had accrued from said land, from which amendment to the judgment appellant perfected his appeal to the Court of Civil Appeals of the Third Supreme Judicial District at Austin and same was transferred to this court by the Supreme Court of Texas.

Appellant admits that the rents and revenues from his separate property were community funds during their marriage but contends that he had the legal right during their marriage to control and dispose of community funds as he saw fit; that the payment of $311.68 as taxes on his separate land from rents that accrued from said land was a mere incidental expense resulting in a direct benefit to the community estate and that the trial court erred in awarding one-half of said sum in payment of said taxes to appellee in the absence of any allegation or proof by appellee of fraud on the part of appellant.

Appellee replies that the legal rights of appellant to control and manage the community property during the marriage of appellant and appellee is not an issue at all but that the law gives the trial court the discretion of dividing the community estate or even the separate property of the husband in a divorce case as he thinks just and proper and that the trial court correctly exercised that discretion and therefore did not commit error.

No statement of facts was filed but, at the request of appellant, the trial court filed his findings of facts and conclusions of law. The findings of facts are, in effect, as follows:

That the parties married on August 12, 1935 and lived together until they separated on September 15, 1941; that ap-

pellee proved the material allegations of her petition; that a 300 acre farm in Runnels County, a residence, certain business property and eight vacant lots, all in Ballinger, Texas, together with $2,000 in cash are all the separate property belonging to appellant; that a dwelling and improvements thereon located in Ballinger, a $50 Government check and $25 in cash are community funds, and that in 1941 appellant used $311.68 of rents as community funds which accrued during the years 1940 and 1941 from his separate real estate above mentioned to pay the taxes on his said land for the years 1938, 1939 and 1940.

As a matter of law the trial court concludes that appellee is entitled to a divorce, to one-half of her community interest in the dwelling and improvements thereon in Ballinger, to one-half of the $50 Government check, to one-half of the $25 in cash and to the sum of $155.84, the same being one-half of the taxes paid out of community funds by appellant on his separate property for the years 1938, 1939 and 1940.

Article 4638, Revised Civil Statutes, provides that: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any."

 On a certified question in the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, in discussing the power vested by statute in the trial court, Judge Greenwood, speaking for the Supreme Court, said: "The court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and * * * its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair."

The Hedtke case was followed by Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189, writ dismissed; Housewright v. Housewright, Tex.Civ.App., 41 S.W.2d 1071, writ refused; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538; Hamm v. Hamm, Tex.Civ.App., 159 S.W.2d 183, and numerous other cases.

The wisdom of such a rule is well-grounded in the following statement: "It

may be that, in dividing the property at the time the decree is granted, the court may take into consideration the wrong inflicted upon the wife by the cause for divorce, and not send away an injured woman with little save her mental sufferings, blasted hopes, and ruined life, but may give her compensation for her wrongs, beyond her interest in the community property." Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231, 234, writ refused.

 It is our opinion that the trial court did not abuse his discretion in the division of the community property and we see no error in the matter complained of worthy of a reversal of this case. It is, therefore, affirmed.