**BERG v. BERG.**

No. 14234.

Court of Civil Appeals of Texas. Dallas.

Aug. 1, 1950.

Rehearing Denied Sept. 29, 1950.

J. Manuel Hoppenstein, Dallas, for appellant.

Turner, Atwood, Howard, McLane & Francis, Dallas, for appellee.

CRAMER, Justice.

This is an appeal from a decree granting appellee a divorce from appellant, awarding the three children (ages 3, 6, and 10 years) of their marriage to appellee, ordering appellant to pay $247.50 per month as child support, partitioning the community property; and allowing $350 as an attorney's fee, as well as all costs, etc., against appellant. No assignment is directed to the decree granting the divorce or to awarding custody of the children to their mother.

Point 1 attacks the allowance of an attorney's fee of $350 for the reason that there is no expert evidence to sustain such finding. The evidence does show the nature and character of service performed and results obtained. The absence of an expert witness is not fatal under such state of the record, and the point is therefore overruled.

Point 4 attacks the amount of child support allowed, $247.50 per month, which we think is unquestionably high, especially since the evidence of appellee is not certain, and not direct as to the amount necessary; while that of appellant is direct, and, taken from the record of actual expenditures in the past for the family then consisting of appellant, appellee, their three children, and appellee's mother for part of the time, was much below $247.50.

However the value of our opinion on this matter may be judged in the light of the fact that such award is interlocutory, enforceable only in a contempt proceeding, and we have acquired no jurisdiction in this appeal over such portion of the judgment. It is subject to change from time to time, on motion of either party, by proper showing. Art. 4639a, Vernon's Ann.Civ.St.; Echols v. Echols, Tex.Civ. App., 168 S.W.2d 282.

■ The trial court, however, went further and in the judgment decreed a lien against, and by mandatory injunction ordered appellant to assign to appellee, appellant's monthly government check for $247.50,—or as much thereof as is assignable; such amount now being paid by the Government for appellant's benefit as disability retirement pay, but made payable to appellee for appellant's benefit, since appellant was classified by the U. S. Army Retirement Board's doctors as a schizophrenic. Such disability allowance is being paid under Sec. 454a, Title 38 U.S.C.A. The

compelling of such an assignment, by mandatory injunction, for the future payments based on a future contingency and duty to support, which contingency and duty are subject to change, on motion, was error. Art. 4639a provides for the enforcement of the child support order by contempt. It has been held that: "(3) the only remedy for the enforcement of the order is by civil contempt proceedings." Youngblood v. Youngblood, Tex.Civ.App., 163 S.W.2d 731, Syl. 2–4, pp. 733–734, and cases cited in that opinion. The point is, as indicated, in part sustained.

Points 5, 7, and 8 relate to the court's failure to charge the temporary alimony, awarded to appellee during pendency of the action and before judgment, to appellee in the property settlement; in awarding more than one-half of the community property, including the cash surrender value of appellant's two insurance policies, to appellee; and impressing a trust on the homestead and furnishings therein until the children are 21 years of age, and for the balance of appellee's life. These items involve the trial court's discretion in partitioning the community property generally. Art. 4638, Vernon's Ann.Civ.St.; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21. The life estate, of course, carries with it the duty to pay the taxes on the property. Sims v. Sims, Tex.Civ.App., 62 S.W.2d 495. Assignments 5, 7, and 8 are overruled.

Points 2, 3, 6, and 9 attack that part of the judgment which partitions the community property, in that it charges appellant's interest in the homestead with a $2,700 item; also the attorney's fee; creates a lien against appellant's one-half fee interest in the homestead of the parties to secure such items; and orders appellant's interest in the homestead foreclosed and sold to satisfy such items.

The evidence on the $2,700 item is, in our opinion, insufficient to sustain the trial court's finding that such fund was on hand at the time the divorce action was filed. Appellant testified directly that it was not. There was no direct evidence that it was on hand, and the meager circumstances relied on by appellee to sustain such finding, in our opinion, were not suffi-

cient to raise a question of fact thereon for the court. The allowance of the $2,700 item and creation of a lien against the homestead to secure it is, therefore, error.

The creation of the lien to secure the attorney's fee was also error. Jeter v. Jeter, Tex.Civ.App., 281 S.W. 598.

In view of our holdings above, the judgment, in so far as it granted the divorce and awarded custody of the minor children to appellee, is affirmed; in so far as it allows child support, the appeal is dimissed for want of jurisdiction.

Since the assignments sustained so affect the judgment as to all other questions adjudicated, it is, as to all other issues, reversed and remanded.

Affirmed in part, dismissed for want of jurisdiction in part, and reversed and remanded in part.