**Pauline Ardis KLEIN, Appellant,**

v.

**Robert E. KLEIN, Appellee.**

No. 3798.

Court of Civil Appeals of Texas.

Eastland.

June 28, 1963.

On Motion for Rehearing Sept. 6, 1963.

Rehearing Denied Oct. 4, 1963.

William Andress, Jr., Dallas, for appellant.

Matthews & Weaver, Dallas, for appellee.

GRISSOM, Chief Justice.

Appealed from the Court of Domestic Relations Number 1 of Dallas County.

Mrs. Klein sued Mr. Klein for divorce, custody of their adopted son and partition of property. The defendant filed a cross-action seeking the same relief. Judgment was rendered giving Mr. Klein a divorce, awarding custody of the son to Mrs. Klein and dividing the property. Mrs. Klein has appealed.

Appellant complains only of the property division. The court recognized that the Hood Street property was the separate property of the wife. It was awarded to Mrs. Klein. But, she complains because the court, having found that Mrs. Klein was indebted to the community estate, fixed a lien on that property for $1,625.11, in favor of the community estate, subject to all homestead rights of Mrs. Klein, and so partitioned the community estate as to award such lien to appellee, subject to said homestead rights. Appellant's first point is that the wife's separate property not being liable for her general spending of community funds, the judgment, insofar as it fixed a lien on her separate property for the benefit of the husband, is erroneous and void. She argues that a wife is not liable for community debts to a greater extent than the community property she has received and that community creditors have no right to subject her separate property to payment of community debts and that her husband has no greater right than the creditors. Appellee's counter point is that the court did not err in establishing an equitable lien in favor of the community and in so partitioning the community as to award appellee said lien, subject to homestead rights. Appellee correctly points out that there was evidence that monthly payments were made by the community estate totaling $1,625.11, to discharge a purchase money lien on the Hood Street property. Appellee says that where community funds are thus expended, the community estate is entitled to reimbursement and an equitable lien on separate property. In Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 627, the court said:

> "Our decisions hold that where a spouse improves his or her separate property with the funds belonging to the community estate, the other spouse, or his or her heirs, would be entitled to reimbursement out of his or her separate property, to the extent of their share of the community funds so used, and

that their claim for such reimbursement is in the nature of a charge upon the property so improved. Rice v. Rice, 21 Tex. 58; Cameron v. Fay, 55 Tex. 58, 61; Roberson v. McIlhenny [Hutchins & Co.], 59 Tex. 615; Furrh v. Winston, 66 Tex. 521, 525, 1 S.W. 527; Clift v. Clift, 72 Tex. 144, 149, 10 S.W. 338; Robinson v. Moore, 1 Tex.Civ.App. 93, 20 S.W. 994. In other words, the principles of reimbursement in accounting between estates apply, without distinction, to both separate and community estates."

The court further said at page 629 of 83 S. W.2d that:

"In case a complete partition in kind cannot be had, so as to award each party his or her equitable portion, the court can, if necessary, award certain property to one or more of the interested parties, impressing it with a money charge in favor of another, which charge may be ordered enforced by sale, if not satisfied by payment of the money within a fixed period of time."

Appellee also cites in support of said contention Smith v. Smith, Tex.Civ.App., 187 S.W.2d 116. The cases of Norris v. Vaughan, 152 Tex. 491, 260 S.W.2d 676, and Manning v. Benham, Tex.Civ.App., 359 S. W.2d 927, (Ref.N.R.E.), relied upon by appellant as authority for her contention that the court erred in impressing a lien on the Hood Street property, are distinguishable on the facts. The Norris case concerned efforts of a husband to obtain reimbursement from the community for separate funds expended for "living expenses", not in discharging a purchase money lien against the wife's separate property, as was done here. It held, however, that the community should be reimbursed for its funds spent on separate property. Manning v. Benham was not a divorce suit and Article 4638, Vernon's Ann.Civ.St., which directs a division of the "estate of the parties", meaning all property of the parties, whether community, separate or homestead, was not applicable.

The court had authority to fix a lien in favor of the community for the community funds expended in discharging a purchase money lien against the separate property of the wife. The lien fixed by the court in favor of the community against appellant's separate property became an asset of the community estate and was subject to distribution as any other asset. Article 4638 provides that in pronouncing judgment in a divorce case the court shall order a division of the "estate of the parties" in such a way as the court shall deem just and right. The court's discretion in dividing the "estate of the parties" will not be disturbed unless it is manifestly unjust and unfair. The appellant has the burden of showing an abuse of discertion. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21. The "estate of the parties" directed divided by Article 4638 includes all property of the parties, community, separate and homestead. 20 Tex.Jur.2d 549. In Williams v. Williams, Tex.Civ.App., 171 S.W.2d 530, the court said:

"On a certified question in the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, in discussing the power vested by statute in the trial court, Judge Greenwood, speaking for the Supreme Court, said: 'The court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and * * * its action, in the exercise of such discretion should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'"

The evidence justifies conclusions that the community debts were past due at the time of the trial, most were incurred after separation, some after the divorce suit was filed and that all benefited appellant. They totaled $5,999.48, excluding the indebtedness on the Princess Lane house and payments made by appellee to appellant after the suit was filed. The evidence supports a conclu-

sion that of the $12,219.96 community assets received by both parties from March 21, 1961, until March 13, 1962, the date of the trial, appellant received $8,952.12 and appellee received $3,167.84. Under the circumstances, it is not shown that the court erred in awarding the community claim against the Hood Street property to appellee. We cannot say the partition was manifestly unfair and unjust.

■ Appellant's second point is that the community homestead and other exempt community property is not subject to the claims of unsecured creditors and the judgment ordering application of the funds from their sale to general debts, rather than to the spouses, is erroneous and an abuse of discretion. The record shows that counsel for both parties were appointed as receivers, without bond and without compensation, to take charge of certain community property, sell it and pay the proceeds into the registry of the court. Appellant says they were ordered to sell it for payment of the debts listed in an exhibit attached to the judgment. There is a list of debts attached to the judgment, but the judgment does not provide, except as to insurance, that the proceeds of the community property ordered sold shall be used to discharge such debts, merely that the proceeds shall be paid into the registry of the court, presumably to be equitably divided between the parties. The community property ordered sold included an automobile, the homestead on Princess Lane, the household furniture and furnishings, and a half interest in the cash value of the husband's life insurance. Appellant says that the Princess Lane house, household and kitchen furniture and automobile and the cash surrender value of life insurance policies in force more than two years are exempt from the claims of creditors; that no creditor had the right to have them sold and the proceeds applied to discharge unsecured debts and, therefore, the court did not have the power to order said property sold and so applied, but that the court should have ordered the exempt property sold and, after payment of lien creditors only, divided the net proceeds between the spouses. The judgment is modified so that the proceeds of all exempt property shall be paid into the registry of the court, to be divided as to the court may seem just and fair.

■ Appellee says the court did not err in appointing receivers to sell the community property, including the Princess Lane house and the 1959 Oldsmobile and ordering the proceeds paid into the registry of the court in order to conserve the community estate and protect it from loss through forced sale. Appellee says that, as a matter of fact, appellant agreed to and participated in the sale of the Princess Lane homestead. This statement is not denied. He says it is evident that appellant does not object to designation of the Hood Street property as her homestead; that the real question presented is: When in a divorce action a wife agrees to the sale of the community homestead and designation of another house as such and, thereafter, such first house is sold, is the court required to divide the proceeds equally between husband and wife, or may the court in its discretion award part, or all, of such proceeds to either upon evidence that such a division is fair and just? Appellee says there is no requirement that the court shall equally divide the proceeds of sale of exempt community property between the spouses. He quotes the following from Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, 302:

"* * * The trial court is required, under Art. 4638, to decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing therein shall be construed to compel either party to divest himself or herself of the title to real estate. In other words, the statute puts the duty on the trial court to make a partition of the community property whenever the pleadings of either party show the existence of such property. The trial court shall consider all the facts and circumstances shown by the

evidence and then partition the community property, both personal and real estate, in such manner as may be just and right. * * * If it is not subject to partition in kind the trial court can appoint a receiver and order so much of the property as is incapable of partition to be sold and the proceeds divided between the parties in such portions as, in the discretion of the court, may be a just, fair and equitable partition, having in mind the rights of the parties and the children."

We agree with appellee's said contentions. See 20 Tex.Jur.2d 549; Berg v. Berg, Tex. Civ.App., 232 S.W.2d 783. Reversible error is not shown.

Appellant's third point is to the effect that the court erred in failing to fix a purchase money lien in her favor on the Princess Lane house for the amount of her separate cash invested in it. Appellant testified that she made a cash payment of $3,000.00 when the Princess Lane house was purchased. She testified that she got the money in cash out of a safety deposit box in an unnamed bank. Her testimony with reference to such payment did not compel belief by the court any more than the testimony which was disbelieved in Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938, 939. There was evidence from which the court could properly conclude, as it apparently did, that such payment was made from community funds.

Points five and six are to the effect that the court erred in holding that the diamond earclips, a bracelet and a mower and edger were community property. There was evidence that they were bought during marriage and paid for out of community funds. They were presumed to be community property. The party asserting the contrary had the burden of proving it. The court, unquestionably, had the right to conclude they were community property. Article 4619; Hardee v. Vincent, 136 Tex. 99, 147 S.W.2d 1072.

Point seven is to the effect that the court erred in ignoring a check for $10,000.00, signed by the husband and payable to the wife, in adjusting the property rights of the parties. Mrs. Klein introduced a check for $10,000.00 dated December 25, 1966. The wife's testimony was to the effect that the check was for money the husband owed her; that it was given in June, 1957, and that it was dated far into the future because her husband thought he would then have that much money in the bank. The husband testified that he executed said check on December 25, 1956; that he didn't have any money to buy his wife a Christmas present and that she jokingly suggested he write her a check for $10,000.00, and that he wrote the check, as a joke, under such circumstances. The court had a right to believe the husband's testimony, as it did.

Appellant's case has been ably presented by counsel who did not participate in the trial, but we think reversible error is not shown. All points are overruled. The judgment, as modified, is affirmed.

## ON MOTION FOR REHEARING

Mrs. Klein urges that we should reform the judgment by (1) holding the lien against her Hood Street house invalid; (2) instructing the trial court not to pay the proceeds of the sale of exempt property to unsecured creditors; (3) properly divide the cash surrender value of appellee's life insurance policy and (4) award the 1959 Oldsmobile to appellant. We sustain the first two contentions, the third in part and overrule the fourth.

Appellant first contends that we erred in holding there was evidence that monthly payments were made from community funds to discharge a purchase money lien on her Hood Street house, or that the trial court so found; that we erred in holding a lien was properly fixed against appellant's Hood Street house, because there was no evidence, or finding, of enhancement in its value by reason of such payments, if any. Appellant says appellee did not plead that community funds were spent for the benefit of her separate property, for which the community was entitled to reimburse-

ment. She says that the lien for $1625.11, was fixed against her Hood Street house by virtue of a finding by the trial court that the wife was "generally" indebted to the community, presumably because of her general and free spending of community funds. Appellant says there is no evidence of enhancement in the value of said property by virtue of such payments by the community, if any. The rule relative to enhancement of the value of the property of one estate by payments made by another applies to improvements. It is not necessary to decide whether it applies to payments to discharge a purchase money debt and lien. The right to reimbursement between estates is not a fixed right in the property sought to be charged but only an equity. "The decisions have correctly classified the right of the one making such advancement as an equity, and the final determination of the rights of the respective parties is to be determined upon equitable principles as to the amount of reimbursement, as well as the means of enforcing the same. It is not a mere question of balancing ledger accounts." Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 627. In Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328, 334, the court said "interest paid during coverture out of community funds on the prenuptial debts of either the husband or the wife on land, and taxes, would not even create an equitable claim for reimbursement, unless it is shown that the expenditures by the community are greater than the benefits received." It is true, as pointed out by appellant, that appellee definitely testified that he did not make any payment on the Hood Street house. However, he did thereafter testify that some check records showed payments out of a fund unnamed, for a purpose unstated, to Metropolitan Savings and Loan on Mrs. Ardis' house on Hood Street. (See s. f. 355). Appellant correctly contends the trial court made no express finding that such payments were made out of the community estate to discharge a purchase money debt and lien against appellant's Hood Street house. Defendant's exhibits 24, 25 and 26 show fourteen payments to Metropolitan of $48.95 and one of $112.61, aggregating $797.91. This could not sustain the lien to the extent of $1625.11 against appellant's Hood Street house in favor of the community. The record shows that for some period of time during the existence of the marriage the Hood Street house was rented for $60.-00 per month. The rent belonged to the community. Since the right to reimbursement is but an equity and the record does not disclose that income from the property to the community was less than the amount paid out by the community, if any, on said property, under the holding of the Colden case, supra, there was not even an equitable claim for reimbursement. We sustain said first contention, grant the motion for rehearing to that extent and reform the judgment so as to disallow any lien in favor of the community against appellant's Hood Street house.

We also sustain appellant's second contention. The court cannot, over appellant's objection, pay the proceeds of exempt property to unsecured creditors. We also sustain appellant's third contention, in part. Under Article 3832a the cash surrender value of appellee's life insurance policy, in force more than two years, is exempt from liability for debts and cannot, over appellant's objection, be applied to the payment of unsecured creditors. It is community property and is to be divided between the parties in accord with established legal principles. See 20 Tex.Jur.2d 556, 559. As we understand the evidence, despite that pointed out by appellant, there was evidence that the automobile was not paid for out of appellant's separate estate. Its status was a question of fact. The fourth contention is overruled.

No one asks for a reversal of the judgment. Appellant prays that it only be reformed. Our former judgment is set aside. Costs of appeal are taxed against the appellee. The motion for rehearing is granted in part and the judgment of the trial court is reformed in accord with our holdings on appellant's first three stated contentions. As so reformed, the judgment is affirmed.