# HUGH KIRKPATRICK

*v.*

# JAMES T. COOPER.

1. APPEAL—*time to object to sufficiency of appeal bond.* Where a party lies by for more than a year, and until the cause has passed through this court, without objection to an appeal bond given on an appeal from a justice of the peace, he can not have the appeal dismissed for the deficiency of the bond.

2. APPEAL BOND—*amendment.* Where a party appealing from the judgment of a justice of the peace was allowed to amend the appeal bond by adding his name thereto, it not being to the prejudice of the opposite party, but for his benefit, it was *held* that the latter could not be allowed to urge the amendment was erroneous.

3. JURISDICTION—*of justice of the peace as to amount, how determined.* On the trial of an appeal from a justice's court of an action of replevin, it is no error for the court to instruct the jury if they believe, from the evidence, that the property replevied is of greater value than $200, to find for the defendant, and in estimating the value of the property, they should consider not what it might have brought at forced sale, but what it was worth.

4. SAME—*not solely a question of law.* The question of jurisdiction in a suit originating before a justice of the peace, is not solely a question of law, but one of law and fact. The value of the property in controversy in replevin is one of fact to be found by the jury.

5. SPECIAL VERDICT. Our practice in this respect does not require that a special verdict shall be returned any more than in other cases.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellant.

Mr. FRANK W. BURNETT, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of replevin, commenced by appellant against appellee before a justice of the peace of Madison county, and taken by appeal to the circuit court of that county. Judgment was given by the circuit court, at its March term,

1875, that the cause be dismissed for want of a sufficient affidavit. From that judgment an appeal was prosecuted to this court, where, at the June term, 1875, the judgment below was reversed and the cause remanded. *Kirkpatrick* v. *Cooper*, 77 Ill. 565.

Afterwards, on the 7th of April, 1876, appellee asked and obtained leave to amend his appeal bond by adding his name thereto. Appellant then moved to strike the appeal bond from the files, which motion the court overruled. The cause then was submitted to a jury, who rendered a verdict in favor of appellee, and the court, after overruling appellant's motion for a new trial, gave judgment upon the verdict.

It is argued that the court erred in allowing the appeal bond to be amended. Conceding this to be true, how does it prejudice appellant? He had lain by without making any objection to the bond for more than a year, during which time the cause had passed through this court, and, on well settled principles requiring objections of this kind to be urged at the earliest opportunity, he could not then have moved to dismiss the appeal because of the deficiency of the bond. The amendment made to the bond did not make it worse, but better than it was before, so that appellant was benefited rather than prejudiced by the act; and he can not be allowed to urge that its amendment was erroneous.

Appellant complains of the first instruction given at the instance of appellee, which is as follows:

"The court instructs the jury, that if, in this case, they believe, from the evidence, that the property in question, viz: horse, wagon, harness and tea, were, altogether, of greater value than $200, then the jury should find for the defendant. That in estimating the value of said property, the jury should consider not what the property might have brought at forced sale, but what the property was worth."

It is argued, the question of jurisdiction is for the court and not for the jury, and that this instruction leaves the question

entirely to the jury. We do not so understand the instruction. The question of jurisdiction is not solely a question of law, but one of law and fact. If the value of the property, which is a question of fact to be determined by the jury, exceeds $200, then the law is, that the justice has no jurisdiction. This instruction only leaves the jury to determine the fact whether or not the value of the property exceeds $200, and then says, if it does, the law is, the justice has no jurisdiction, and directs, therefore, that, on such finding, the verdict should be for the defendant. The jury are not left to determine any question of law, but simply the fact, on which the court declares the conclusion of law that results.

This is so in all cases where the jury are left to return a general verdict. The court tells the jury, that if they find certain facts, what the conclusion of law thereupon is, and that their verdict must therefore be either for the one party or the other, as the case may be. No written pleadings are required on trials before justices of the peace, and our practice does not in this respect, more than in others, require that special verdicts shall be returned.

It is sufficient to say, upon the remaining point made, that the question is one of fact, and there was evidence upon which to justify the finding of the jury, which we are unable to say, from anything before us, may not have been abundantly sufficient for that purpose.

The judgment is affirmed.

*Judgment affirmed.*