Opinion by
Willson, J.
§ 433. Jurisdiction of county court; rules as to, in regard to title to land; case stated. Appellees-brought suit against Payne, McCormick & Payne, in the county court, upon a promissory note, which had been given for a part of the consideration of a tract of land and improvements thereon, and which note retained the vendor’s lien upon said land. Payne, McCormick & Payne went upon and occupied the land as their homestead, they being married men and owning no other land in the state. There was a gin house and a steam gin and fixtures belonging thereto upon the land. They procured insurance in the sum of $791 from the “ Crescent Fire Insurance Company of New Orleans ” upon the gin house, steam gin and fixtures, and their own cotton and the cotton of their customers at said gin. The insured property was destroyed by fire, and the loss adjusted at $497.42. On December 27, 1883, appellant purchased the adjusted policy of insurance from Payne, McCormick & Payne, paying them therefor $01 in money and executing to them his negotiable promissory note of that date, due at the expiration of sixty days, and also obligating himself, in writing, to pay $51 to the owners of cotton covered by the policy. On the 29th December, 1883, he notified the insurance company that he was the owner of said policy by transfer from Payne, McCormick & Payne. On the 7th day of January, 1884, appellees in this suit sued out a writ of garnishment against the insurance company. Said company answered that it was indebted' on said policy $497.42, but had been notified by ■ *382 appellant that he owned the policy, and prayed that he be made a party, etc. Appellant being made a party, pleaded his purchase of the policy; and that the money due thereon was not subject to garnishment, because it was insurance upon the homestead of his vendors, and, as such, was exempt from their debts. Appellees replied that the county court had no jurisdiction to determine the question as to the exemption of the money, because it involved title to land; that the money, if exempt from debts generally, was not exempt from their debt, because their debt was for the purchase money of the land, and the homestead exemption could not be set up against it; also, that the transfer of the policy to appellant was fraudulent, etc. Judgment was rendered in favor of appellees against the insurance company for $436.12, and in favor of appellant against the said company for $61. Upon the question of jurisdiction, held, there is no question made as to the title to the land, either directly or indirectly. It cannot be disjrated that Payne, McCormick & Payne, at the time of the loss by fire, had the legal title to the land, and were occupying the same as a homestead. This is unlike the case of Peterson v. Cross, W. & W. Con. Rep. p. 600, where the homestead right was sought to be directly adjudicated. In the case before us, the contest is as to the insurance money; as to a chattel, not realty; and in no way involves title to land, or any lien thereon. The question as to the exemption of the money, at most, only incidentally involves the question of homestead. It is like the case of McArnis v. McIntyre, W. & W. Con. Rep. § 513, where the question was adjudicated in the county court and in this court as to whether or not lumber designed for homestead purposes was exempt from forced sale as a part of the homestead. So, this court has adjudicated as to the rights of creditors to the proceeds of a sale of the homestead. [W. & W. Con. Rep. §§ 1279, 1305.] Counsel for appellant submit the following propositions upon the subject of jurisdiction, which are held to be correct: “1. When *383 the original suit, as brought, shows an action that necessarily involves the question of title to real estate, the county court has no jurisdiction. 2. When the issues raised are not dependent on the question of title, but on other rights, such as the character of possession of real property, the county court has jurisdiction. 8. When the contest is over other matters incidentally dependent upon the question of title, the county court has jurisdiction.” [Wells on Jurisdiction, §67, and authorities cited.] The county court did not err in entertaining jurisdiction of the matters in controversy in this case.
November 12, 1884.
§ 434. Insurance money upon thes homestead is exempt. from debts, and is not subject to vendor's lien upon the land. The insurance money on the homestead is protected by the homestead exemption, the same as the proceeds of a sale of the homestead. An insurance policy is a strictly personal contract, upon á new and independent consideration from that of the homestead purchase, and a lien upon the homestead does not attach to and embrace such policy or the money due thereon. [Cameron v. Fay, 55 Tex. 58.] The insurance money in this case was, therefore, not subject to garnishment for appellees’ debt.
§ 435. Creditor cannot complain that a sale of exempt property is fraudulent. The money being exempt from appellees’ debt, they cannot complain that the' sale and transfer of the policy was fraudulent, in violation of their rights. [Cameron v. Fay, 55 Tex. 58, and cases cited.] The judgment was reversed and rendered in favor of appellant for the amount of the insurance money due, except the sum of $51, which belonged to the owners of cotton covered by the policy, which was adjudged to be paid to appellant, to be held in trust for said owners by him, and paid to them according to their respective rights.
Keversed and rendered.