## Isaac R. Matlock·v. E. N. Pray, Adm'r.

1. Appeals—*Objections to the Bond.*—Objection to an appeal bond must be presented at the earliest opportunity. It comes too late after the case has been submitted to a jury.

Claim in Probate.—Error to the Circuit Court of Montgomery County; the Hon. Jacob Fouke, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

Howett & Jett, attorneys for plaintiff in error.

Amos Miller and James M. Truitt, attorneys for defendant in error.

Mr. Justice Boggs delivered the opinion of the Court.

This was an appeal taken by appellant to the Circuit Court from a judgment of the County Court rejecting a claim exhibited by him against the defendant administrator.

The cause was submitted to and heard by a jury in the Circuit Court, a verdict rendered for the administrator and the same set aside and a new trial awarded.

Afterward the court, at the instance of the administrator, ordered the plaintiff in error to file an additional appeal bond or show cause by a day named—the ground of such action being that the appeal bond was not given in a penal sum double the amount of costs in the County Court—otherwise the bond was unobjectionable.

The plaintiff failed to file the required additional bond. The court ruled that the grounds relied upon to excuse the failure were insufficient, denied petition of plaintiff in error for leave to prosecute as a poor person, and dismissed the the suit for non-compliance with the order to file an additional appeal bond.

This writ of error presents for review such action of the court.

It is a well settled rule that objections to an appeal bond

must be presented at the earliest opportunity. Kirkpatrick v. Cooper, 89 Ill. 210.

The bond in the case at bar was executed in strict compliance with the order of the County Court, and was approved by the county judge.

The defendant in error entered into a trial of the cause and submitted the same to a hearing before a jury upon the merits, in the Circuit Court, and could not be afterward allowed to complain that the appeal bond was not given in a sum equal to twice the amount of the costs in the County Court.

We think it was error to dismiss the action for failure to file an additional appeal bond.

Had application been made, supported by the necessary affidavit, for a rule on the plaintiff to give security for costs, under the provisions of Sec. 4, Chap. 33, R. S., entitled Costs, a different question would have been presented.

But such course was not pursued and the provisions of that section of the statute can not be availed of to support the action of the court.

The judgment will be reversed and the cause remanded.