## James Jarrett v. David T. McIntyre.

1. REPLEVIN—*when justice without jurisdiction in action of.* A justice has no jurisdiction in an action of replevin where the property involved is worth over two hundred dollars.

2. REPLEVIN—*when Circuit Court without jurisdiction in action of.* The Circuit Court is without jurisdiction in an action of replevin appealed from a justice where the justice had no jurisdiction of such action.

3. REPLEVIN—*when jury may determine value of property involved in.* It is proper to permit the jury to determine the value of property involved in a replevin suit before a justice in order to determine whether such value is in excess of the jurisdiction of the justice.

Replevin. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

H. M. SWOPE and DAVID P. STRICKLER, for appellant.

CHARLES B. McCRORY, HOMER D. DINES and GOVERT & LANCASTER, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

James Jarrett brought suit in replevin before a justice of the peace in Adams county against David T. McIntyre, to recover possession of a lot of tools and fixtures. Upon a trial before such justice of the peace and a jury, the issues were found in favor of McIntyre, whereupon Jarrett appealed the case to the Circuit Court of Adams county, where it was again tried. Upon the latter trial the jury returned a verdict in favor of McIntyre with a special finding to the effect that the property involved was worth $205 at the time the suit was commenced. Thereupon the court, after overruling a motion for a new trial, dismissed the suit for want of jurisdiction and awarded a return of the property to McIntyre from which judgment Jarrett has prosecuted this appeal.

Upon the special finding that the property involved was worth over two hundred dollars, the trial court was without jurisdiction and could enter no judgment except one having for its effect a dismissal of the suit. Paragraph 5 of Article 2 of Chapter 79 of the Revised Statutes, limits the jurisdiction of justices of the peace in replevin suits to actions where the value of the property claimed does not exceed two hundred dollars. When it turns out, upon the trial of a suit in replevin, that the value of the property in question is more than two hundred dollars, the only authority which a justice of the peace has is to order a return of the property to the defendant, and if the justice of the peace had no jurisdiction then none can be acquired by the Circuit Court by appeal. Cruickshank v. Kimball Co., 75 Ill. App. 233; Kirkpatrick v. Cooper, 89 Ill. 210.

Appellant argues that as no witness placed the value of the property at $205, there was no evidence to sustain the special verdict, and the court was in error in not setting it aside. This, however, is a misconception of the scope of the jury's power. Several witnesses were examined as to the value of the property replevied who varied in their estimates from $50 to $375. Where the evidence covers so wide a range it is the province of the jury to determine what value the property had. Sanitary District v. Cullerton, 147 Ill. 388.

It is not necessary to discuss appellant's assignments of error to the action of the court in striking out the testimony of the witness, William M. Dickinson, and in giving and refusing instructions, farther than to say, that as to the former of the two assignments no exception was saved to the ruling of the court in striking out of the evidence of the witness Dickinson, while as to the latter, all of the instructions were not abstracted as required by the rules of this court.

The judgment ordering return of the property and

dismissing the suit for want of jurisdiction at appellant's costs was right and is affirmed.

*Affirmed.*