THE T. E. HILL COMPANY, Plaintiff in Error, *vs.* THE CONTRACTORS' SUPPLY AND EQUIPMENT COMPANY, Defendant in Error.

*Opinion filed February 25, 1911—Rehearing denied April 6, 1911.*

1. TRESPASS—*when party is not liable for wrongful seizure of property.* Under the common law a person, unless he acts maliciously and without probable cause, is not liable for bringing any suit, criminal or civil, or causing a seizure of property, if the court had jurisdiction of the parties and the subject matter.

2. SAME—*when action will not lie against party who instigated bankruptcy proceedings.* The fact that the United States District Court, after it appointed a receiver under a petition, regular in form, in a bankruptcy proceeding against a corporation, determines that the corporation is not one which, under the Bankruptcy law, can be declared a bankrupt and dismisses the petition, does not give rise to an action for damages against the person who instigated the proceeding.

3. BANKRUPTCY—*the Federal district court has jurisdiction to determine whether a corporation is subject to the Bankruptcy law.* Where the District Court of the United States has jurisdiction of the parties to a bankruptcy proceeding against a corporation, which is regular in all respects, it has jurisdiction to entertain the petition and appoint a receiver, and the fact that it subsequently determines that the corporation is not one of the class which is subject to the Bankruptcy act and dismisses the petition, is not equivalent to a want of jurisdiction to entertain the petition in the first instance.

4. SAME—*question whether corporation is subject to the Bankruptcy act is a mixed question of law and fact.* Whether the business in which a corporation is engaged is one which makes it subject to the Bankruptcy act is a mixed question of law and fact, which the United States District Court has power to determine after entertaining a petition to declare the corporation bankrupt and appointing a receiver, and while its right to proceed depends upon the determination of that question, its jurisdiction of the proceeding does not depend upon the correctness of the decision.

VICKERS, C. J., and HAND and COOKE, JJ., dissenting.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding.

BUELL & ABBEY, and FRED W. BENTLEY, for plaintiff in error.

HARRISON MUSGRAVE, JOHN H. S. LEE, and DUDLEY TAYLOR, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action instituted in the circuit court of Cook county by the plaintiff in error for the use of its assignee, against the defendant in error, for the alleged wrongful seizure of the property of plaintiff in error through a receiver appointed by the United States District Court for the Northern District of Illinois, upon the application of defendant in error, in bankruptcy proceedings instituted by it. On the trial in the circuit court before a jury a verdict was rendered in favor of plaintiff in error, and judgment was entered thereon. The case was taken to the Appellate Court for the First District by writ of error, and that court reversed the circuit court with a finding of facts that defendant in error did not act "maliciously and without probable cause" in prosecuting the bankruptcy proceedings. The cause has been brought here by petition for *certiorari.*

After the bankruptcy proceedings had been instituted in the district court, pending a hearing whether the plaintiff in error was or was not a corporation "principally engaged in manufacturing, trading, printing, publishing, mining or mercantile pursuits," as required by the Bankruptcy act, (section 4*b*,) a receiver was appointed in accordance with the provision of section 3*e* and a bond given. The plaintiff in error was a corporation engaged in building concrete arches, bridges and other structures. The district court decided that it did not come within the specified classes of corporations subject to be declared bankrupt under the act and dismissed the petition. This ruling was affirmed by the United States Circuit Court of Appeals in *In re Hill*

*Co.* 148 Fed. Rep. 832. A writ of *certiorari* was denied by the United States Supreme Court in that case.

The principal contention of plaintiff in error is, that the district court having dismissed the petition and having held that the T. E. Hill Company was not amenable to the Bankruptcy act, such action was an "adjudication of that court that it did not have, and never had had, jurisdiction over the plaintiff in error or its property." Defendant in error contends that in deciding this question this court ought to take into consideration the fact that at about the same time the decision was handed down by the United States Circuit Court of Appeals in the seventh district in *In re Hill Co.* *supra,* holding that it was not a corporation that could be adjudged a bankrupt, the same kind of corporation was held subject to the Bankruptcy act by the Circuit Court of Appeals in the eighth district in *In re First Nat. Bank of Belle Fourche,* 152 Fed. Rep. 64, and that later, in *Friday* v. *Hall & Kaul Co.* 216 U. S. 449, the Supreme Court made a like ruling. We are disposed to hold that these later decisions cannot be considered in deciding whether or not the district court had jurisdiction in the T. E. Hill Company bankruptcy proceedings. If the district court was without authority to decide whether or not it had jurisdiction of the subject matter involved in said proceedings, then there is force in the contention of plaintiff in error on this point. Some authority must decide whether or not a corporation or person is subject to the provisions of the Bankruptcy act. The petition filed in the United States District Court, to declare the plaintiff in error a bankrupt is conceded to have been in conformity with the statute and rules of the United States Circuit Court in such matters, as was also the petition for the appointment of a receiver. There is nothing to show in any of these papers that the T. E. Hill Company was not included within that class of corporations which could be declared bankrupt under the Bankruptcy act. We deem, however, the turning point of

the controversy here to be whether the Bankruptcy act gave jurisdiction to the United States District Courts to decide the question as to whether a particular person or corporation could be declared a bankrupt under the act.

Whatever construction might be placed upon this act if it were one of first impression need not be considered, as it has been settled conclusively by the United States courts. In *Denver First Nat. Bank* v. *Klug,* 186 U. S. 202, when considering this very point, the court said (p. 204) : "The conclusion was, it is true, that Klug could not be adjudged a bankrupt, but the court had jurisdiction to so determine, and its jurisdiction over the subject matter was not and could not be questioned." In *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18, in discussing the jurisdiction of the district court in bankruptcy proceedings, it was said (p. 25) : "Jurisdiction as to the subject matter may be limited in various ways, as, to civil and criminal cases; cases at common law or in equity or in admiralty; probate cases or cases under special statutes; to particular classes of persons; to proceedings in particular modes, and so on. In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry although the result may be that it finds that it cannot go farther." In *In re First Nat. Bank of Belle Fourche,* *supra,* the court, in considering whether or not it had jurisdiction to decide on the merits or only as to the jurisdiction, said (p. 69) : "The court had the same jurisdiction to decide the issues between the parties whether the Widell Company was or was not principally engaged in a manufacturing pursuit. The only difference the determination of that issue made was, that if it was so engaged the court should have given judgment for the petitioners and if it was not thus occupied it should have rendered judgment against them. The jurisdiction and the duty to decide remained in the court, whichever way it was its duty to deter-

mine the issue. The jurisdiction of a court is not limited to the power to render correct decisions. It is the power to decide the issues according to its view of the law and the evidence, and its wrong decisions are as conclusive as its right ones. * * * The filing of the petition for the adjudication and the service of the order to show cause upon the Widell Company conferred plenary jurisdiction of this proceeding upon the court below. The power was thereby vested in and the duty was imposed upon it to decide whether or not the Widell Company was principally engaged in a manufacturing pursuit, because the determination of that issue was indispensable to the adjudication in bankruptcy." In considering the jurisdiction of the district court in this very matter, the same judge who wrote the opinion in the United States Court of Appeals holding that the T. E. Hill Company was not subject to the Bankruptcy act, in passing on the question whether the receiver was entitled to fees out of the assets of the T. E. Hill corporation, held that the district court had jurisdiction to decide the question, saying (p. 76) : "Upon the filing of the petition for an adjudication of bankruptcy against the corporation and service of process, jurisdiction over parties and subject matter was established, (citing authorities,) and was complete for the hearing and determination of all the issues involved, whatever the ultimate conclusions of the court upon such issues." (*In re Hill Co.* 159 Fed. Rep. 73.) The court decided that the receiver should be paid out of the assets of plaintiff in error. To the same effect is *Columbia Iron Works* v. *National Lead Co.* 127 Fed. Rep. 99, where the court said (p. 101) : "There can be no question in respect of the jurisdiction of the district court over the subject matter, and it seems quite clear that it also had jurisdiction to determine whether the corporation was principally engaged in such a business as that it could be adjudged a bankrupt."

This court, in *Rice* v. *Travis*, 216 Ill. 249, in considering the question of jurisdiction of a justice in replevin proceedings, stated (p. 257): "If, as a matter of law, justices of the peace had no jurisdiction in actions of replevin the decision of a justice that he had jurisdiction would bind no one. But the question of jurisdiction in such a case is not solely one of law. It is a question of law and fact, and if, as a matter of fact, the property does not exceed in value $200 the justice has jurisdiction. (*Kirkpatrick* v. *Cooper*, 89 Ill. 210.) The value of the property is a question of fact, to be determined by the court or jury, and if it is found to exceed $200, the statute gives the justice jurisdiction to enter a judgment awarding a return of the property to the defendant." By the same line of reasoning, under the decisions of the United States courts, the question whether a corporation is or is not principally engaged in manufacturing is not one of law solely, but a mixed question of law and fact. The right of the district court to proceed with the administration of the assets of the estate depends upon the facts presented in each individual case as to whether the corporation is principally engaged in manufacturing, trading, printing, publishing, mining or mercantile pursuits, which the court must decide after hearing those facts and applying the law. Its jurisdiction, however, does not depend upon the correctness of its determination of these facts. A decision that a corporation was principally engaged in any of these various lines of business, however erroneous, would be binding until reversed, and such a decision would protect the moving party in an action for damages after it was set aside in the higher court. (*Crescent Live Stock Co.* v. *Butchers' Union*, 120 U. S. 141.) Assuming that the district court decided correctly that the plaintiff in error could not, under the Bankruptcy act, be declared a bankrupt and in dismissing the petition, it does not follow that the court never had jurisdiction. It is conceded that the court had jurisdiction of the persons

in that proceeding. Under the authorities it must be held that the Bankruptcy act gave the district court jurisdiction of the subject matter to hear and determine whether or not the plaintiff in error could be declared a bankrupt.

We therefore find it unnecessary to consider the numerous authorities cited in the briefs, (such as *Perkins* v. *Proctor,* 2 Wilson, 382,) which hold that where the whole proceeding was *coram non judice* it is as nothing and can be directly or collaterally attacked. Neither will it serve any useful purpose to discuss statutes or decisions concerning attachments and injunctions. The construction of each statute, and the jurisdiction of the courts thereunder, must depend upon its special wording.

At common law a person is not liable for bringing any suit, criminal or civil, or for causing a seizure of property, if the court had jurisdiction of the subject matter and the parties, unless he acts maliciously and without probable cause. (*Stewart* v. *Sonneborn,* 98 U. S. 187; *Ames* v. *Snider,* 69 Ill. 376; *Outlaw* v. *Davis,* 27 id. 467.) It is not contended by counsel for plaintiff in error that, either on the pleadings or under the finding of facts of the Appellate Court, this court can consider whether or not defendant in error acted maliciously or without probable cause. As the court had jurisdiction of the parties and the subject matter in the bankruptcy proceedings, and was specifically vested, under the statute, with the power to appoint a receiver, this action will not lie against the party at whose instigation the proceedings were instituted. It is therefore unnecessary to consider the other questions raised in the briefs.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

VICKERS, C. J., HAND and COOKE, JJ., dissenting.