## Title Guaranty and Surety Company, Defendant in Error, v. George Hofmann, Plaintiff in Error.

### Gen. No. 16,796.

SURETYSHIP—*when recovery by surety company for costs paid proper.* If a surety company is given a cost bond upon an agreement of indemnity, upon the payment by it of a judgment for costs it may recover notwithstanding the judgment for costs was given upon a dismissal for want of jurisdiction, where it appears that the court entering the order of dismissal initially, by virtue of the allegations made in the pleadings, had jurisdiction of the case.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed April 19, 1912. Rehearing denied May 7, 1912.

SAMUEL FRIEDLANDER, for plaintiff in error.

SHERIFF, DENT, DOBYNS and FREEMAN, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Recovery of a judgment for $599.35 was had in the Municipal Court by the defendant in error against the plaintiff in error. It appears from the record that the plaintiff in error with others brought suit in the Circuit Court of the United States for the District of Indiana, against Frederick Buenger and others in chancery, the bill alleging that the complainants were citizens of the State of Illinois and that the defendants were citizens

of the State of Indiana. It became necessary for the complainants in that suit to give a cost bond. The bond was furnished by the Title Guaranty & Surety Co., the defendant in error herein. In the application for the bond made by the plaintiff in error, the latter entered into the following agreement:

"And in consideration of the Title Guaranty & Surety Co. executing the bond herein applied for, I do hereby covenant, promise and agree to pay the premiums or fees agreed upon, to-wit, five dollars per year until evidence is furnished that there is no further liability on said bond; and to indemnify and keep the said Guaranty Company indemnified from and against any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind and nature which said Guaranty Company shall or may have any cause at any time to sustain or incur or be put to for or by reason of or in consequence of said Company having executed said bond signed by defendant."

Defendants in the suit in the Circuit Court referred to filed pleas in abatement denying the diversity of citizenship. Thus an issue of fact was raised, and the case was referred to a master in chancery on that issue. The master reported adversely to the complainants, the pleas in abatement were sustained, and judgment was entered against the complainants for costs in the sum of $484.35. The defendant in error refused to pay the amount, insisting that the United States Circuit Court for the State of Indiana, being without jurisdiction in the case on account of a lack of diversity in citizenship of the parties, was also without jurisdiction to enter judgment for costs. Thereupon, after endeavoring to get the plaintiff in error to appeal from the decision of the district judge, the defendant in error paid the amount of the judgment, and brought suit against the plaintiff in error upon the indemnity agreement heretofore set forth.

In Citizens Bank v. Cannon, 164 U. S. 319, it was held

to be the rule, apparently without exception, that where a court is without jurisdiction for any reason costs may not be allowed against the complainant or plaintiff who improperly invokes its jurisdiction,—following Mayor v. Cooper, 6 Wall. 247; Inglee v. Coolidge, 2 Wheat. 363; Hornthall v. The Collector, 9 Wall. 560.

The learned district judge who entered the judgment we now have under consideration evidently took the view that as the complainants by their bill gave the court *prima facie* jurisdiction, by the allegation that the complainants were all residents of the State of Illinois, and the defendants all residents of the State of Indiana, and as on a plea properly filed a question of fact was raised as to the truth of the allegations in the bill, the costs of the case, made up largely of the fees of the master to whom the case was referred, should properly be borne by the complainants; that an exception to the rule laid down by the Supreme Court in the cases referred to was thus established.

In Rice v. Travis, 216 Ill. 249, it was held that whether or not a justice of the peace has jurisdiction in a replevin suit is not solely one of law; that it is a question of law and fact, and if, as a matter of fact, the property does not exceed in value $200 the justice has jurisdiction.

In Kirkpatrick v. Cooper, 89 Ill. 210, it was held that in such a case the question of fact is to be determined by the court or jury, and if it is found that the value of the property exceeds $200 the justice may enter a judgment awarding a return of the property to the defendant.

In Hill Co. v. Contractors' Supply Co., 249 Ill. 304, it was held that the question whether a corporation is or is not principally engaged in manufacturing, so as to render it amenable to the bankruptcy law, is not one of law solely, but a mixed question of law and fact, and that the right of the district court to proceed with the administration of the assets of the estate depends upon

the facts presented upon that issue; that the jurisdiction of the court does not depend upon the correctness of its determination of these facts.

In Westfeldt et al. v. North Carolina Mining Co., 177 Fed. Rep. 132, it was held that where a bill in equity filed in a federal court alleges facts which give such court jurisdiction, but is afterwards dismissed on a plea in abatement setting up the pendency of a suit in a state court between the same parties in which the state court had acquired prior jurisdiction over the subject matter of the suit, the case is not one of jurisdiction in such sense that the court cannot adjudge costs against the losing party.

So it may be said in the present case that the United States district judge did not decide that there was a want of jurisdiction in the Circuit Court in the inception of the case, but that it would be error to retain jurisdiction when the fact that there was not diversity of citizenship was made known and established. The conclusion of the court in this respect appears to us as being equitable.

Complaint is made by the plaintiff in error of the allowance of $115 in addition to the amount paid to the defendant in error in liquidation of the cost judgment. It is stated that a portion, viz. $15, of this is for traveling expenses of the attorney for defendant in error. In the statement of claim the sum of $200 was included as for attorney's fees and $15 for expenses. The court allowed $115, but we have no way of ascertaining from the record whether any portion of this was for traveling expenses. The indemnity agreement entered into by the plaintiff in error is very broad, and we think the judgment should not be reversed for the error last alleged. The suit was one of the fourth class in the Municipal Court. We think justice has been done between the parties by the judgment rendered, and the same is affirmed.

*Affirmed.*