997 F.2d 214
 Terrence Delaney LAWSON, Plaintiff-Appellee,
v.
The KROGER COMPANY, Defendant-Appellant,
Keith Carr, Sheriff of Sullivan County; C.A. Pratt,
Individually and as a Deputy Sheriff of Sullivan County;
Ron England, Sheriff of Washington County; Deputy Sheriff
Ruddy, Individually and as a Deputy Sheriff of Washington
County, Defendants.
 No. 91-6486.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 21, 1992.
Decided July 6, 1993.
Rehearing and Suggestion for Rehearing En Banc Denied Sept.
15, 1993.
 
 R. Wayne Culbertson (briefed), Gilley & Culbertson, Kingsport, TN, Daniel B. Minor (argued and briefed), Kingsport, TN, for plaintiff-appellee.
 Archie R. Carpenter (argued and briefed), Carpenter & O'Connor, Knoxville, TN, for defendant-appellant.
 Before: BOGGS and SUHRHEINRICH, Circuit Judges; and GILMORE, Senior District Judge.*
 BOGGS, Circuit Judge.
 
 
 1
 Kroger appeals from a jury decision awarding Terrence Delaney Lawson $40,000 in a suit for malicious prosecution. Because we hold that there exists no cause of action for negligent malicious prosecution under Tennessee law, as Lawson pled, we reverse.
 
 
 2
 * A woman calling herself Terry L. Lawson went to the Johnson City, Tennessee, Kroger food store on two occasions on January 29, 1990, and wrote a personal check for the amount of her purchase on both occasions. The first check was approved by a cashier, who wrote down the numbers of a Citibank credit card and a Tennessee photo driver's license. The street address portion that was preprinted on the check was crossed out and Terrence Delaney Lawson's address was written in by hand. The city, state, and zip code were preprinted on the check. In addition, Terrence D. Lawson's telephone number was handwritten on the check.
 
 
 3
 The second time the woman came through the checkout line, the cashier sent the woman to the manager for check approval. The manager wrote down a social security number, and approved the check.
 
 
 4
 Both of the checks were returned by the bank on which they were drawn, marked "no such account" (NSA). Kroger has an internal policy to follow particular procedures when a check is returned from a bank marked "not sufficient funds" (NSF). Those procedures include trying to contact the drawer of the check by telephone, and sometimes by letter as well. However, those procedures do not apply to checks returned NSA. Furthermore, there is no legal responsibility to try to collect on an NSA check or to provide notice of impending legal action, and fraudulent intent or knowledge of insufficient funds is inferred from an NSA check. See T.C.A. § 39-14-121.
 
 
 5
 Kroger chose to seek criminal sanctions. The manager of the Johnson City Kroger store, Curtis Turner, sought a warrant against the woman. Turner provided the police with the information he had, which included the name the woman used, Terry L. Lawson, the driver's license number, and the date of birth she presented. The address on the check, which was actually Terrence D. Lawson's address, was also listed. No gender was included in the information that Kroger gave to the officers, nor was there gender information on the face of the warrant.
 
 
 6
 When the warrant first arrived at the Sullivan County sheriff's office, the deputy on duty knew Terrence D. Lawson, and spoke to him regarding the warrant. The deputy, Sergeant Damon Gordon, compared Lawson's identifying information, including driver's license and date of birth, with the information in the warrant and concluded that Terrence D. Lawson was not the person wanted. Sgt. Gordon advised him to take care of the matter.
 
 
 7
 Lawson called the Washington County sheriff's department, the originating authority. He also spoke with the attorney general's office. However, he did not speak to anyone at Kroger nor did he get the warrant quashed.
 
 
 8
 Nine days later, on April 2, 1990, George Ann Pratt, another Sullivan County deputy, went out to Lawson's house to arrest him. Lawson protested that he was not the right person, and explained he had tried to have the warrant quashed, but to no avail. He was arrested, handcuffed, transported to the county line, turned over to a Washington County deputy and transported to their lockup. He was processed and held for bond court. He bonded out on his own recognizance, was transported back to the jail, given his personal possessions, and released. He was in police custody for approximately 8 1/2 hours.
 
 
 9
 On April 17, 1990, Lawson's first court date, Turner appeared as the complaining witness for Kroger. When Turner checked with his cashier, he discovered that the offender was female. Lawson was released.
 
 
 10
 Lawson filed suit against Kroger and others on October 17, 1990, seeking $150,000 in damages for false prosecution.[1] The complaint states that Kroger "was guilty of gross, wanton and willful negligence in causing [Lawson] to be maliciously prosecuted...." Kroger answered that no such cause of action exists. Notwithstanding Kroger's procedural efforts to have the case dismissed, or to receive a directed verdict, the case was submitted to the jury on instructions to return a verdict for Lawson if they found that Kroger was "guilty of negligence in causing the Plaintiff to be maliciously and falsely prosecuted...." The jury found for Lawson and awarded him $40,000.
 
 
 11
 On appeal, Kroger presents several assignments of error, including that there is no such action as negligent malicious prosecution, that jury instructions were misleading, and that remittitur was appropriate. Because we hold that the cause of action on which the award was based does not exist, we need not reach the other issues.
 
 II
 
 12
 Although there is no Tennessee case specifically on point, in general, the only cause of action for improperly swearing out a warrant is the common law action for malicious prosecution. See, e.g., Wilson v. O'Neal, 118 So.2d 101, 104 (Ct.App.Fla.1960), T.E. Hill Co. v. Contractors' Supply & Equipment Co., 249 Ill. 304, 94 N.E. 544, 546 (1911). The tort of malicious prosecution has four elements. The plaintiff must
 
 
 13
 ... prove that the defendants brought an action against the plaintiff, that the action was terminated in favor of the plaintiff, and that the defendants acted with malice and without probable cause to believe the facts upon which the claim was based. Evans v. Perkey, 647 S.W.2d 636 (Tenn.Ct.App.1982); Buda v. Cassel Bros., Inc., 568 S.W.2d 628 (Tenn.Ct.App.1978)
 
 
 14
 Dowell v. McKinnon, 769 S.W.2d 225, 226 (Tenn.Ct.App.1988).
 
 
 15
 In this case, there was clearly an action against Lawson that was resolved in his favor. The critical issue is whether there was malice. Malice may be inferred from a lack of probable cause (though lack of probable cause may not be inferred from malice). Carter v. Baker's Food Rite Store, 787 S.W.2d 4, 8 (Tenn.Ct.App.1989) (remanded on other grounds). See also Sullivan v. Young, 678 S.W.2d 906, 911 (Tenn.Ct.App.1984). Criminal prosecution started for some improper reason, such as to enforce a debt or to harass, triggers an inference of malice. Dunn v. Alabama Oil & Gas Co., 42 Tenn.App. 108, 299 S.W.2d 25, 28 (1956). Lawson claims that Kroger was trying only to collect its money. Furthermore, Lawson insists that no reasonable person could find that probable cause existed because the offender was female and Lawson was male. He concludes that the only reasonable assumption is that there was malice.
 
 
 16
 Regrettably, Lawson is wrong. First, there is no evidence that Kroger had any improper motive. That Kroger might have collected on the checks as a corollary to criminal prosecution is not relevant. Kroger did not misrepresent the facts or lie about the event in an effort to harass either Terry L. Lawson or Terrence Delaney Lawson. Lawson made no showing that Kroger's primary purpose was other than that of bringing the offender to justice. Carter, 787 S.W.2d at 6; Thompson v. Schulz, 34 Tenn.App. 488, 240 S.W.2d 252 (1949).
 
 
 17
 More important, however, is that Lawson's complaint did not state a cause of action against Kroger, nor was one proven at trial. He alleged, and tried to prove, that Kroger maliciously prosecuted him through negligence. A malicious prosecution cannot be negligent. For a tortfeasor to be negligent, the tortfeasor must have had a duty to the victim, which was breached. Lawson showed no breach of a duty Kroger owed to him, if only because Kroger had no duty to him. Kroger may not provide false information with an improper motive, but it is not required to investigate offenses against it, nor must it volunteer all information within its knowledge when it swears out a warrant, though it may not withhold information for an improper purpose. Aiken v. Shell Oil Co., 219 Or. 523, 348 P.2d 51 (1959). Negligence in seeking a warrant does not give rise to a cause of action. See, e.g., Pokorny v. First Federal Sav. & Loan Ass'n of Largo, 382 So.2d 678, 683 (Fla.1980); Lundberg v. Scoggins, 335 N.W.2d 235 (Minn.1983); Reaves v. Westinghouse Elec. Corp., 683 F.Supp. 521, 525 (D.Md.1988); Fletcher v. High's Dairy Products Div. of Capital Milk Producers Co-op., 22 Md.App. 71, 321 A.2d 821 (1974).
 
 
 18
 Nor did Lawson prove malice. Kroger did not focus on Terrence Delaney Lawson and initiate an unfounded criminal prosecution against him out of ill will. Turner provided the police with relevant information concerning someone who had written two bad checks to his store. Deputy Pratt unthinkingly served the warrant despite the fact that the identifiers did not match, and one of her colleagues had reasonably concluded as much. The warrant did not lack for probable cause, it was simply not properly or competently served. Kroger's failure to specify the gender of the offender was correctly described as not being malice, and that was Kroger's only improper action. Thus, Kroger was not shown to have acted with malice, and a cause of action for malicious prosecution cannot lie.
 
 
 19
 Because Lawson's complaint against Kroger did not state a claim on which relief could be granted, we REVERSE the jury award and REMAND with instructions to dismiss the complaint.
 
 
 20
 GILMORE, Senior District Judge, dissenting. I respectfully dissent from the opinion of the majority.
 
 
 21
 The majority reverses the district court, basically holding there is no cause of action for negligent malicious prosecution under Tennessee law. I think there is sufficient evidence here for the matter to have been sent to the jury, and to conclude that the evidence was sufficient for a jury to find for the Plaintiff in this cause of action for malicious prosecution under Tennessee law. At trial, Plaintiff argued that Kroger's failure to properly investigate the identity of the offender proved that Kroger did not have probable cause to institute criminal proceedings against Plaintiff. Plaintiff maintained, and I think properly so, that the jury could reasonably have inferred malice from Kroger's actions.
 
 
 22
 On appeal, Kroger presented several assignments of error: (1) that there is no such action as negligent malicious prosecution; (2) that the jury instructions were misleading; and (3) that remitter was appropriate. For the reasons discussed below, I respectfully dissent from the majority opinion.
 
 
 23
 Viewing the evidence most favorably in favor of the Plaintiff, as we must, and giving the Plaintiff the benefit of all reasonable inferences, as we must, I think there was sufficient evidence presented to raise material issues of fact for the jury. Those issues are whether Kroger had probable cause to believe Plaintiff was guilty of passing bad checks, and whether malice could be inferred from Kroger's actions. Plaintiff, Terrence D. Lawson, was not the same person who passed the bad checks to Kroger. Plaintiff is not even of the same gender as the person who passed the bad checks. Turner, Kroger's manager, did not enquire into the description of the culprit. Additionally, Kroger did not verify that the driver's license number, Mastercard number or Social Security number, handwritten on the checks by the cashier, belonged to Plaintiff. Furthermore, Kroger did not contact the Plaintiff about the dishonored checks.
 
 
 24
 It appears to me that the facts presented to the jury were sufficient for the jury to decide not only that Kroger did not have probable cause to institute legal proceedings against the Plaintiff, but also that malice could reasonably be inferred from Kroger's institution of such criminal proceedings. It is true that malice can be inferred when a criminal prosecution is instituted without probable cause, and I think it could properly be inferred in this case. The matter was dealt with by the Tennessee Court of Appeals in Carter v. Baker's Food Rite Store, 787 S.W.2d 4 (Tenn.Ct.App.1989). In discussing a case very similar on the facts to this case, the Tennessee Court said:
 
 
 25
 Defendants next assert that Plaintiff did not prove malice, which is an essential element in a malicious prosecution case. We agree that malice is an essential element in this cause of action; however, malice may be inferred from the fact that a criminal prosecution was brought without probable cause. (Cite omitted). 'The inference is not one of law but is a presumption of fact which may be rebutted, thus making malice an issue to be decided by the jury where a criminal prosecution is instituted without probable cause.' (Cite omitted). Thus, if the trial court should determine that probable cause existed after a resolution of the disputed issues concerning the circumstances of the case, malice would be a question of fact for the jury. (Emphasis added).
 
 
 26
 Id. at 8.
 
 
 27
 Thus, it appears clear that the district court did not err in denying Defendant's motion for JNOV. Under Tennessee law, Plaintiff was entitled to all reasonable inferences, and to have the evidence viewed most favorably for him upon such a motion.
 
 
 28
 I think it is also highly significant that Kroger did not object to the jury instructions when they were provided to counsel at the charge conference, nor did Kroger object when the jury was charged.
 
 
 29
 Rule 51 of the Federal Rules of Civil Procedure clearly states that a party may not assign as error a jury instruction that was not objected to in a timely fashion. The Rule provides in relevant part: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. There is one exception to this general rule. The court may grant a new trial in spite of a party's failure to object if the court concludes that the erroneous instruction may have resulted in a miscarriage of justice. Fryman v. Federal Crop Insurance Corp., 936 F.2d 244, 248 (6th Cir.1991); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987). The Defendant contends that the jury instructions were so misleading and inadequate that Kroger was entitled to a new trial. Defendant makes this assertion in spite of the fact it did not object to the language when they were provided to counsel in the charge conference, nor did it object when the jury was so charged.
 
 
 30
 As pointed out above, it is fundamental law that a litigant has a duty of objecting to a charge at the time it was made to allow the trial court to correct its error. Here, this did not happen. Rather, the attorney for Kroger approved the charge, and made no objection to it after it was presented to the jury. Furthermore, I conclude that the jury instructions were not so erroneous as to constitute a miscarriage of justice.
 
 
 31
 Finally, I conclude that the court did not abuse its discretion in denying a new trial. On appeal, Kroger argued that the jury instructions were so erroneous as to constitute a miscarriage of justice, and that the verdict was excessive. I have already dealt with the contention that the jury instructions were erroneous. With reference to the excessiveness of the verdict, certainly $40,000 is not an excessive verdict to award to Plaintiff for injuries to his person, property or reputation that proximately resulted from the unsuccessful criminal action. I think that enough evidence was presented to demonstrate that Plaintiff suffered sufficient injuries as a result of Kroger's institution of criminal proceedings against him to justify the verdict of the jury.
 
 
 32
 For these reasons, I respectfully dissent from the majority opinion.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The non-Kroger defendants, the sheriffs of Washington and Sullivan counties and the two relevant deputy sheriffs of Sullivan County, were removed from the case before trial either by stipulation or by the court on jurisdictional grounds