92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. SMITH, Plaintiff-Appellant,
v.
Richard WHITE, in his official capacity as superintendent
and individual capacity; International
Pentecostal Holiness Church, Inc.;
Tri-State Pentecostal Holiness
Conference,
Defendants-
Appellees.
Raleigh Printing Company; Ruby Rogers, in her official and
individual capacity; Tommy L. Fullen, Defendants.
 No. 95-6104.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges; ENSLEN, District Judge.*
 
 ORDER
 
 2
 James E. Smith appeals pro se the summary judgment for defendants in this action filed under 42 U.S.C. § 1985, the Bankruptcy Act, and pendent state tort laws. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith sought monetary damages in this action, alleging that defendants had violated the automatic stay in his bankruptcy proceedings, had conspired against him as a bankrupt and a minister in violation of 42 U.S.C. § 1985, and had committed the state law torts of invasion of privacy, infliction of emotional distress, defamation, libel, infliction of mental anguish, breach of contract, and interference with the right to employment.
 
 
 4
 After discovery and oral argument, the district court granted the defendants' motion for summary judgment, concluding that all but one of the acts the defendants had allegedly committed occurred more than one year prior to the filing of this action and that the claims based on those acts were accordingly barred by the statute of limitations. The only action by the defendants alleged to have occurred within one year of the filing of this case was the filing of an action in state court. The district court concluded that Smith was essentially asserting a malicious prosecution claim in this regard, which failed because the state action was still pending. The district court also noted other alternative bases for granting summary judgment to the defendants, including the finding that this was a religious controversy over which it lacked jurisdiction, the finding that the defendant International Pentecostal Holiness Church, Inc. had not been shown to have been involved in the acts of which Smith complained, and the finding that Smith failed to state a claim under the counts alleged in the complaint.
 
 
 5
 On appeal, Smith argues that the district court erred in applying a one-year statute of limitations, or alternatively, that the parties had an agreement which tolled the running of the statute. He also maintains that the district court erred in concluding that he failed to use the available grievance procedures within the church hierarchy and that the court lacked subject matter jurisdiction because the issues in the case were religious in nature. Smith also argues that the district court improperly applied collateral estoppel and that he has stated claims of malicious prosecution, violations of the automatic stay, a § 1985 conspiracy, a state law conspiracy, and a state law infliction of distress.
 
 
 6
 Upon review, we conclude that the defendants were properly granted summary judgment, as there is an absence of evidence to support Smith's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 7
 We reject Smith's arguments that his claims are not barred by the statute of limitations. The district court properly applied a one-year statute of limitations in this case. Cf. Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir.1992). Smith also failed to submit evidence to support his argument that the statute was tolled by an agreement between the parties. The agreement cited by Smith does not require him to forbear from bringing suit. Moreover, he did not allege that he ever received a signed copy of the agreement from the defendants which would lead him to rely on it in not filing suit for three years after he signed it. We also conclude that the district court properly found that Smith could not assert a claim of malicious prosecution because the state action filed by some of the defendants was still pending. See Lawson v. Kroger Co., 997 F.2d 214, 216 (6th Cir.1993). Based on the above, the defendants were properly granted summary judgment.
 
 
 8
 There are, moreover, alternate bases on which the summary judgment can be affirmed. Smith failed to state a claim under either of the federal laws cited. The named defendants were not creditors and could not be sued for violating the automatic stay in Smith's bankruptcy proceedings, and Smith is not a member of a suspect class entitled to special protection under the Fourteenth Amendment based on inherent personal characteristics, in order to state a claim under § 1985. See National Comm. Systems, Inc. v. Michigan Public Service Comm'n, 789 F.2d 370, 374 (6th Cir.), cert. denied, 479 U.S. 852 (1986). The district court also properly found that the defendant International Pentecostal Holiness Church, Inc. was entitled to summary judgment because Smith failed to establish that it was involved in the actions of which he complained. Contrary to Smith's argument, the district court did not need to rely on collateral estoppel to reach this conclusion, but only on Smith's failure to submit any evidence in support of a claim against this defendant. Whether Smith stated a claim under state law is immaterial, as the district court would lack supplemental jurisdiction under 28 U.S.C. § 1367.
 
 
 9
 As either of the above analyses are sufficient to support the summary judgment for defendants, we need not address Smith's remaining arguments regarding his use of the church grievance procedures and whether this controversy was a religious one which the district court was barred from addressing under the First Amendment.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation