



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 6, 1939

Mr. Roy L. Hill
County Attorney
Runnels County
Ballinger, Texas

Dear Sir:

Opinion No. O-728
Re: Does a tax lien on
property attach to the
insurance money when
the property is des-
troyed by fire?

Your letter of April 29, 1939, was duly received.
You say that State and County delinquent taxes are due on
certain real estate on which a gin was located during the
period for which the taxes accrued, that a fire destroyed
the gin, which was insured and there is now a law suit pend-
ing in regard to the proceeds of the fire insurance policies,
and the companies who had insured the gin have tendered this
insurance money into court, and you desire to know whether
or not the State and County has a lien for taxes on this
money of such a nature that they can intervene in this law
suit and obtain a judgment for this money in the amount of
the taxes.

From our investigation, we have concluded that it
is a general rule of law that one who has a mere lien only
on the insured property has no claim to the insurance money
realized by the insured in the event of a loss of the pro-
perty, for a claim on the insurance money can arise only out
of contract. 26 Corpus Juris, 445. That rule has been
consistently followed in Texas, beginning with the case of
Cameron v. Fay, 55 Tex. 58. In the case of Gassaway v. Brown-
ing, (error refused) 175 S. W. 481, the court held:

"In Cameron v. Fay, 55 Tex. 58, it was held that a mechanic's lien upon improvements situate on a homestead did not attach to a policy of insurance covering the improvements or to moneys due thereon after fire. ᵀhis particular holding was not in any wise founded upon the exempt character of the property, but was based upon the well-settled rule that the policy is a strictly personal contract, and does not attach to the lien or realty and, in the absence of an agreement upon the part of the lienor that the premises shall be insured for the benefit of the lien creditor, the latter has no claim upon the policy or its proceeds. To the same effect is Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479, and Porter v. Porter, 2 Willson, Civ. Cas. Ct. App. Sec. 433.

"So far as we are advised, all of the authorities are to the same effect, and hold that, in the absence of such an agreement, or of a clause in the policy making the loss payable to the mortgagee, or of an assignment to him, the mortgagee has no interest in a policy taken out by the mortgagor upon his own interest. 4 Cooley's Briefs on Insurance p. 3699; 19 Cyc. 884-887; Jones on Mortgages (2d Ed.) Sec.401."

The rule was again followed in Walter Connally & Co. v. Hopkins, 195 S. W. 656.

The cases we have cited and quoted from involve real estate, but the same rule also applies to personal property. Westchester Fire Insurance Co. v. Thomas Goggan & Bro. 203 S. W. 163.

Of course this rule does not apply if the property owner agrees with the lien holder to insure the property for the lien holder's benefit, as was stated in Gilbert v. Mooring, 88 S. W. (2d) 541, as follows:

"An agreement between a mortgagee and a mortgagor, or vendee and vendor, that the latter will insure property for the benefit of the former, gives the latter an equitable lien upon the proceeds of the policy, and he is entitled to an application of the same to the indebtedness."

Did the State and County have a lien on the gin in this case?  The general rule is that taxes are never a lien on property unless expressly made so.  State v. Hunt, 207 S. W. 636, and Hoge v. Garcia, 296 S. W. 982.  The Constitution of Texas provides in Article VIII, Section 15, as follows:

"The annual assessment made upon landed property shall be a special lien thereon . . ."

Article 7172 of the Revised Civil Statutes of Texas provides:

"All taxes upon real property shall be a lien upon such property until the same shall have been paid."

By virtue of these last two quoted provisions, we see that the State and County had a lien for taxes on the gin (we assume the gin was attached to the land and therefore real estate); but it is a mere lien only, and as pointed out in the first part of this opinion "one who has a mere lien only has no claim to the insurance . . . in the event of a loss of the property."  We think the rule applies just as forcibly to the State and County in the case of tax liens as it does to individuals in the case of mortgages and other liens.  In the discussion on tax liens in 3 Cooley on Taxation, 4th Ed. 2452, it is said:

"When liens are expressly created they are not to be enlarged by construction."

By virtue of the words of the constitutional provision and the statute quoted above, under which the lien exists, a lien only on the property is created; and we cannot enlarge it to cover the insurance proceeds.

Our answer to your question is that in a case in which there were delinquent ad valorem taxes due on a building, the State and County does not have a lien on the fire insurance money on that building when it is destroyed by fire.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Rotsch
Assistant

CCR:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS